## Case No. 8,077.

### LANSING v. MANTON.

[14 N. B. R. 127; 3 N. Y. Wkly. Dig. 112.] 1

District Court, N. D. New York. April, 1876.

PRACTICE IN BANKRUPTCY — WHO MAY MAINTAIN SUIT FOR FRAUDULENT TRANSFER OF PROPERTY — SUIT BY RECEIVER — SUBSTITUTION OF ASSIGNEE AS PLAINTIFF.

1. A receiver may be appointed after an adjudication of bankruptcy, and before the selection of an assignee for the temporary care and custody of the estate, when special circumstances render it desirable.

2. A receiver cannot maintain an action to recover the value of property sold by the bankrupt, in fraud of the bankrupt law [of 1867 (14 Stat. 517)], prior to the commencement of the proceedings in bankruptcy. If a receiver institutes a suit to recover property sold by the bankrupt in fraud of the bankrupt law, prior to the commencement of the proceedings in bankruptcy, the assignee will not on motion be admitted to prosecute such suit.

[This was a suit in bankruptcy by Livingston Lansing, receiver, against Sarah L. Manton.]

WALLACE, District Judge. After an adjudication in bankruptcy, and prior to the appointment of an assignee, the plaintiff, upon the application of creditors of the bankrupt, was appointed a receiver. The order appointing him did not specify the powers or duties of the trust. Having brought this action to recover the value of assets of the bankrupt, purchased by the defendant before the filing of the petition in bankruptcy, as is alleged in fraud of the act, the assignee, who was thereafter appointed, now moves for an order substituting himself as plaintiff in the place of the receiver. In opposition to this motion, the defendant insists that no cause of action existed in favor of the receiver, and that he had no interest in the action to which the assignee can succeed. If the receiver had no right of action against the defendant, clearly the motion should be denied. This leads to the inquiry whether a person thus appointed can maintain an action to recover property which never came to his hands.

That it is within the general equity powers of a court of bankruptcy, after an adjudication of bankruptcy, and before an assignee is selected, to appoint a receiver for the temporary care and custody of the estate, when special circumstances render it desirable, is conceded by defendant's counsel. And that such receiver has the right to resort to legal proceedings, and to maintain actions necessary for the protection of the property that comes to his possession, would seem to be inferable from the nature of his trust. A receiver is an officer of the court invested with the custody of the property that comes to his hands, for the benefit of the party who may ultimately appear to be entitled to it. As the property that comes to his hands is

1 [Reprinted from 14 N. B. R. 127, by permission. 3 N. Y. Wkly. Dig. 112, contains only a partial report.]

in the custody of the court, any party interfering with it is punishable by attachment; and ordinarily, by resorting to such remedy, the receiver can adequately protect his estate, and where the case is pressing, the receiver may file a bill in equity to enjoin. Nangle v. Lord Fingall, 1 Hogan, 142. If he brings suit without leave of the court, that fact cannot avail the defendant by way of defense, but the action may be stayed by the court, and will be if brought unjustifiably. And it is not only the right of a receiver, but his duty, to take such action, and to institute legal proceedings, without waiting for leave, when the circumstances of the case require it. Tillinghast v. Champlin, 4 R. I. 173, 188.

Granting all this, it does not follow that a receiver can maintain such an action as the present one. The plaintiff seeks to recover property which never came to his possession, but which had been transferred by the bankrupt to the defendant prior to the commencement of the proceeding in which he was appointed receiver. The action which he has brought is one at law, and can only be maintained upon a legal title. Treating it as an action of trover, it must be brought in the name of the person who had the possession of, or right of possession to, the property at the time of its conversion. A receiver cannot maintain such an action in his own name, though leave would be granted him, in a proper case, to prosecute in the name of the person having the legal title. A receiver of a partnership cannot maintain an action of trover in his own name to recover against a person who has converted assets of the firm before his appointment. He is a mere custodian, and must sue in the name of the firm in whom was the legal right of action. Yeager v. Wallace, 44 Pa. St. 294; Newell v. Fisher, 24 Miss. 392.

The actions which may be brought by receivers in their own name for the protection of property which has come to their custody, or those which may be maintained upon an equitable right, are not to be confounded with those which must be brought by them in the name of another, although the equitable right may be in those whom the receiver represents, and not in the party having the legal estate. When the receiver goes into a court of law, he must stand, if at all, on the legal estate. Merritt v. Lyon, 16 Wend. 405. If he applies for leave to use the name of the person having the legal right of action, the court will indemnify the latter, by compelling security against the hazard of costs. Taylor v. Allen, 2 Atk. 213; Pitt v. Snowden, 3 Atk. 750.

In the present case, if the court had authorized the receiver to bring the action in his own name, he could not have maintained the suit. By force of the statute an assignee is invested with the legal title to the cause of action. Until an assignee is appointed, the legal title to the assets is in the bankrupt, and it is not only the right but it is the duty of the bankrupt to bring suit for the protection and preservation of the property. Sutherland v. Davis [42 Ind. 26]; In re Steadman [Case No. 13,330]; March v. Heaton [Id. 9,061]. Where the suit must rest upon the legal title to the property, and cannot be sustained upon the possessory interest or equitable right of a receiver, it can only be brought in the name of the bankrupt, and this is such a suit.

The motion for substitution is denied.