[S. F. No. 368.    Department Two.—March 30, 1897.]

# GEORGE A. TIBBETS, RECEIVER, ETC., RESPONDENT, v. G. COHN & COMPANY, APPELLANTS.

INSOLVENCY—RECEIVER—POWER TO SUE—IMPROPER ACTION TO VACATE TRANSFER.—A receiver of the assets of an insolvent debtor is only authorized to take possession of property belonging to the insolvent debtor, and to care for them until the appointment of an assignee, and may maintain all actions necessary to preserve the property which comes to his possession; but he is not authorized to bring an action to vacate a transfer made by the insolvent debtor prior to the commencement of the insolvency proceeding, and such action can only be brought by the assignee, and the right of action does not exist until after his appointment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Naphtaly, Freidenrich & Ackerman,* for Appellants.

The property in question never having come into the hands of the plaintiff as receiver, he cannot maintain an action for its recovery    or its value.    (*Lansing* v. *Manton,* 14 Nat. Bank. Reg. 127; *Sutherland* v. *Davis,* 10 Nat. Bank. Reg. 424; *In re Steadman,* 8 Nat. Bank. Reg. 319; *Francisco* v. *Aguirre,* 94 Cal. 180.)

*Garber, Boalt & Bishop, Rhodes Borden,* and *J. H. Ahern,* for Respondent.

The title of the property passed to the receiver without any assignment, and he had the right to sue in his own name for the property.    (*Dennery* v. *Superior Court,* 84 Cal. 10; *Mann* v. *Pentz,* 2 Sand. Ch. 257, 271; *Wilson* v. *Allen,* 6 Barb. 542; *Porter* v. *Williams,* 9 N. Y. 148; 59 Am. Dec. 519; *Storm* v. *Waddell,* 2 Sand. Ch. 494.)

. TEMPLE, J.—This action was brought to recover the value of certain property alleged to have been transferred to defendants within one month before the com-

mencement of proceedings in insolvency, in violation of the Insolvency Act. In the complaint it is averred that on the nineteenth day of May, 1892, one Charles W. Pick, being insolvent, filed his petition alleging his insolvency, and praying to be discharged from his liabilities; that such proceedings were had that plaintiff was, on August 24, 1892, appointed receiver of the estate of said insolvent pending the election of an assignee. Facts are then alleged tending to show that within one month before the commencement of said proceedings the defendants, who were creditors of the insolvent, received a transfer of all the available assets of the insolvent, in payment of defendant's demand against the insolvent, and that Pick and the defendants well knew of the insolvency of Pick, and intended by said transfer thereby to prevent the property from coming into the possession of the assignee, etc.

Before answering the defendants demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action. One of the defendants, G. Cohn, then answered, and the case was tried before a jury, which rendered a verdict for the plaintiff, and the defendants appeal upon the judgment-roll without a bill of exceptions.

In 1891 section 63 of the Insolvent Act was repealed (Stat. 1891, p. 511), and section 6 amended so as to provide that the court shall make an order appointing the sheriff a receiver, to take charge and possession of all estate, etc., of the insolvent, and to keep and care for and dispose of the same until the appointment of an assignee, and that his powers shall in all respects be regulated by the general laws of the state applicable to receivers. Section 568 of the Code of Civil Procedure, provides that a receiver has power, under control of the court, to bring and defend actions in his own name, to take and keep possession of the property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, and to do such acts respecting the property as the court may direct.

The complaint discloses the fact that the plaintiff was not the sheriff of the county of Kern, in which the proceedings were pending, and the appellant therefore contends that the appointment was void. To this the defendant replies that the objection is not raised by a general demurrer. It is not that the complaint fails to state a cause of action, but that the plaintiff has not the legal capacity to sue. This objection must be taken by special demurrer or answer, and if not so taken is waived. Several cases are cited which seem to sustain this contention. (*Swamp Land Dist.* v. *Feck*, 60 Cal. 403; *Miller* v. *Luco*, 80 Cal. 257; *Wilhoit* v. *Cunningham*, 87 Cal. 453.) The view taken of this case, however, renders it unnecessary to definitely pass upon this question. If, conceding the validity of the appointment of plaintiff as receiver, the action is one that he could not maintain, the objection would not be to his capacity to sue as receiver, but that being receiver the complaint fails to show a cause of action in him. Our statute gives no further definition of the office of receiver, or statement of his powers and functions than above recited. Section 6 of the Insolvency Act defines his duties to be, to take into his possession the assets of the insolvent, and to care for them until the appointment of an assignee. The reference to the general laws of the state applicable to receivers must be to section 568 of the Code of Civil Procedure, from which no further powers could be derived, save that he may sue and be sued in his own name, collect debts, and do such acts respecting the property as the court may direct. This language would not authorize him to bring suits not connected with his receivership, and necessary to enable him to perform its function.

The appointment of a receiver *pendente lite* does not change the title to property, and, in the absence of a statute to that effect, would not authorize the receiver to sue in his own name for property which has not come to his possession. His possession is only temporary, and for the purpose of preserving the property that it

may be subjected to the operation of the judgment which shall finally be entered. The purpose of the statute in the appointment is clearly stated in section 6. The actions which he can bring must be those which enable him to get and retain possession of the "estate, real and personal, of the debtor." He is not even to retain possession until the final judgment, but to deliver all to the assignee, who may be appointed at any time not less than thirty days after the adjudication. The powers of the assignee are defined in section 21 of the act. He is expressly authorized to recover from any person receiving a conveyance, gift, transfer, payment, or assignment, made contrary to any provision of the act, the property thereby transferred or assigned, or, in case a redelivery of the property cannot be had, to recover the value thereof, with damages. The property which can be thus recovered constituted no part of the estate of the insolvent, and the receiver is not authorized or directed to take charge of it, or given a right of action for its recovery.

Even the creditors had no right of action against the defendants in respect to the property here involved. On the contrary, if the assignment had not been made in the insolvency proceeding, and until it is made, the defendants were rightfully in possession of the property —for aught that appears—as owners. The debtor had the right to make the preference, unless it was done in contemplation of insolvency, and for the purposes mentioned in section 55 of the act, and even then the validity of the transfer could only be called in question by the assignee.

The right of action is created by the act, and the assignee expressly authorized to sue. This right of action certainly was not in the insolvent, and ordinarily receivers can assert no rights which the owner could not have asserted to property. The exceptions are cases especially provided for by statute, or the rules of equity, in which the receiver is authorized to sue in the interest of creditors. Many such cases are cited by the re-

spondent, but all of those were under special statutory provisions.    Most are cases where the receiver was appointed in proceedings supplementary to execution, to discover and subject to execution concealed assets.    In those cases it was held that by virtue of the statute the title of the debtor was vested in the receiver.    As a rule, however, the receiver cannot sue to recover property which has not come to his possession, or which, being in the possession of the defendant, ought to have been delivered to him.    He cannot maintain trover for property of the insolvent converted before the adjudication, nor to recover property transferred by the debtor in fraud of creditors.    (*Lansing* v. *Manton*, 14 Nat. Bank. Reg. 127; *Sutherland* v. *Davis*, 10 Nat. Bank. Reg. 424; *In re Steadman*, 8 Nat. Bank. Reg. 319; *Francisco* v. *Aguirre*, 94 Cal. 180.)    His appointment is intended to have the effect of a preliminary injunction to preserve the property.    (High on Receivers, sec. 5.)

It does not appear that there was any order of the court directing or authorizing the suit.

The case of *Adams* v. *Woods*, 15 Cal. 207, has no reference to anything involved here.    No question was there raised whether the suit was rightfully brought, and the suit was not to recover property fraudulently transferred by the debtor.    In *Matter of Real Estate Associates*, 58 Cal. 356, it was only decided that, pending an appeal from the order of adjudication, the functions of the receiver are not suspended.    Any suits which he could have maintained if the appeal had not been taken, he may still maintain.

The case of *Ex parte Hollis*, 59 Cal. 405, is not authority for the respondent.    It was held that a person having property which he claimed adversely to the insolvent could not be required to deliver it to a receiver, and punished for contempt if he refused.    The court should direct an action to be brought by the receiver or assignee.    Even if such an action could have been brought by the receiver, it would not cover this case.    There the right of action was in the insolvent; here it is not.

*Dennery* v. *Superior Court*, 84 Cal. 7, goes no further than the case of *Matter of Real Estate Associates, supra.* No doubt the receiver can maintain all actions necessary to preserve the property which constituted the estate of the insolvent. This falls far short of the exigencies of respondent in the present case. A right of action is created by the act, and the assignee expressly authorized to bring the suit. Can this action be instituted by a receiver whose functions are expressly limited to preserving the property until an assignee is appointed, which may be done in thirty days? I think not. 1. Because such action is not within the scope of the receiver's powers and duties; and 2. Because the right is expressly conferred upon the assignee, and does not exist until his appointment.

Respondent's counsel seem a little forgetful as to the record. It contains no Exhibit B, showing what allegations were in the petition, but the complaint does show that there were no petitioning creditors. The record does not show that the receiver became also the assignee. If appointed after the suit was commenced, however, that would make no difference.

The judgment is reversed and the cause remanded.

McFARLAND, J., and HENSHAW, J., concurred.