SMITH–WEBSTER CO. v. JOHN et al.

(Circuit Court of Appeals, Third Circuit. July 3, 1919.)

No. 2461.

1. BROKERS ⟨═⟩96—PAYMENT TO BROKER—RECOVERY BY PRINCIPAL.
    If buyers, by virtue of stipulation in contract that goods were to be billed by and proceeds collected by plaintiff broker for seller, had paid plaintiff the money due seller for goods delivered, the latter could not thereafter demand it.

2. ACTION ⟨═⟩16—NATURE OF REMEDY.
    An "action" is a lawful demand of one's right in a court of justice.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Action.]

3. BROKERS ⟨═⟩106—SALES—BREACH—ACTION—PARTIES.
    Clause in contract that goods were to be billed by and proceeds collected by plaintiff broker for seller did not vest in plaintiff the right in its own right to sue for the purchase price.

4. COURTS ⟨═⟩328(4)—FEDERAL COURTS—JURISDICTION—AMOUNT.
    If contracts confer no rights on plaintiff broker to recover in its own right for breach, and the real plaintiffs are the three individuals named, the individual rights, each of which is less than the jurisdictional requirement, cannot be lumped together to create a case for federal jurisdiction.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Suit by the Smith-Webster Company against Simon John and others, partners trading as Simon John & Bros. From a judgment for plaintiff for less than the amount of its claim, plaintiff brings error. Reversed and remanded, with instructions.

⟨═⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Philip H. Close and S. A. Williams, both of Bel Air, Md. (Donald Thompson and George H. Calvert, both of Pittsburgh, Pa., of counsel), for plaintiff in error.

Thomas F. Garrahan, J. A. Langfitt, and H. W. McIntosh, all of Pittsburgh, Pa., and L. B. Brownfield, of Uniontown, Pa., for defendants in error.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case the Smith-Webster Company, a corporate citizen of Delaware, brought suit against Simon John, William John, and Frank John, partners doing business as Simon John & Bros., citizens of Pennsylvania. The jurisdiction of the court below depends on diversity of citizenship, and the fact that the amount in issue between said parties amounts to $3,000.

A consideration of this case satisfies us that, while the necessary diversity of citizenship exists to vest jurisdiction, there is no issue between the said parties which involves $3,000. As the court below, therefore, was without jurisdiction, it follows that the judgment entered therein in favor of the plaintiff for $1,119.13 must be reversed, and the cause remanded, with instructions to dismiss the case, without prejudice, for lack of jurisdiction. Without entering into a full discussion of its facts and the course the case took on the trial, we confine our discussion to those features alone which are pertinent to the conclusion we have reached that the court below was without jurisdiction.

The present suit is an action of assumpsit, which, under the Pennsylvania Procedure Act of 1887,[1] which is followed in the court below, is confined to actions on contracts, express or implied. Now, the statement of claim filed by the Smith-Webster Company neither alleges that any contract existed between it and the defendants nor that it bases its right of action upon any promise or understanding, express or implied, as to which the defendants contracted with the plaintiff. But in the absence of such contract, or contract relations between it and the defendants, the plaintiff asserts a right on its part to maintain an action of assumpsit against the defendants, because the defendants on May 31, 1917, entered into a written contract with one F. Nelson Smith, wherein was the provision:

"It is agreed and understood by the parties hereto that the goods covered by this contract are to be billed by the Smith-Webster Company, of Bel Air, Md., and proceeds collected by said company for account of the seller."

Now, it will be observed that Smith, who it is alleged contracted with the defendants, is not an actor or use party in this suit. There is no evidence that he authorized it or indeed knew this suit had been brought, but the alleged right of action of the Smith-Webster Com-

---

[1] "So far as relates to procedure, the distinctions heretofore existing between actions ex contractu be abolished, and * * * all demands, heretofore recoverable in debt, assumpsit or covenant, shall hereafter be sued and recovered in one form of action, to be called an 'action of assumpsit.'" P. L. 271, § 1.

pany is, so far as Smith is concerned, based solely on this clause in the contract.

[1] Now, as appears by the Smith contract, a copy of which is filed with the statement and is printed in the margin,[2] the Smith-Webster Company, acting and signing it as brokers for F. Nelson Smith, on May 31, 1917, made a contract between the defendants and Smith for the sale of certain canned goods by said Smith to the defendants. The statement further alleges that on September 20, 1917, Smith delivered to defendants the goods contracted for, in value $1,440, and this suit seeks to recover said amount. There is no proof or allegation that the plaintiff has any interest, financial or otherwise, in this contract, or in the money sued for or to be recovered in this case. Of course, if the defendants, by virtue of this stipulation in the contract, had paid the broker the money due Smith for the goods he delivered, the latter could not thereafter demand it. But because such payment, if made, would bind Smith, it by no means follows that such clause, in case the money was not paid—which is the fact here—vested a right of action in the Smith-Webster Company, who are not shown or alleged to have any financial interest in the contract, or any right to share in the money recovered in a suit thereon. Indeed, far from this clause embodying any power to maintain this suit, to exercise that absolute control of an action, and the ownership of the money recovered therein, matters which are incident to a suitor vested with a right of action, this clause expressly provides that the "proceeds collected by said company" (Smith-Webster Company) are "for account of the seller," Smith.

[2] It is a fundamental law that an action is a lawful demand of one's right in a court of justice. Now, what legal right did this

---

[2] Broker's Canned Foods Contract.

Smith-Webster Company,

Brokers and Commission Merchants.

Bel Air, Md., May 31, 1917.

Sold (subject to the terms and conditions on the reverse side hereof) to Simon John & Bros., Uniontown, Pa., for account of F. Nelson Smith.

Delivered f. o. b. Bel Camp, Md., B. & O. R. R., with 300 c/s 3's from

F. W. Smith.

Shipment during packing season of 1917

| Cases. | Goods. | Price per Dozen. |
|---|---|---|
| 600 | No. 2 Standard Tomatoes, packing of 1917, sanitary cans, "Scotland" brand, at.................................. | $1.20 |
| B & C | | |

(Should the packer of the goods covered by this contract be prevented by war conditions from securing the necessary raw stock, cans, canning supplies, or labor, the packer's liability hereunder ceases.)

Smith-Webster Company, Brokers,

By Webster.

"Terms and Conditions of This Contract of Sale.

\* \* \* \* \* \* \* \* \* \*

"14. It is agreed and understood by the parties hereto that the goods covered by this contract are to be billed by the Smith-Webster Company, of Bel Air, Md., and proceeds collected by said company for account of the seller."

clause vest in this broker firm? Did that clause extinguish the right of F. Nelson Smith to sue on this contract? If it did not, did it also vest a right of action in the Smith-Webster Company? Was its purpose to subject a defendant to two separate and independent actions based on a single and indivisible right for a single breach of his contract? To effect such a result, its terms should expressly so state.

But, assuming, for present purposes, the clause in question transferred Smith's right of action for its breach to the Smith-Webster Company, such transferred right of Smith cannot be maintained in the court below, because the claim of Smith was for but $1,400. But this inadequate jurisdictional claim the plaintiff seeks to increase to the jurisdictional sum of $3,000 by adding thereto the transferred right of action of one F. W. Smith and one G. W. Gosweiler, who also had contracts of a similar character with the defendants. So far as the pleadings show, the plaintiff does not allege any relation or interdependence of said three contracts, but simply avers a right of action—

"in accordance with section 14 of each of the contracts above mentioned, for account of the several sellers."

[3, 4] If this summary, or the statement as a whole, is the assertion of a right of action vested in the Smith-Webster Company upon all of said contracts, the answer is that clause 14 does not vest a right of action in that company to sue for its breach. On the other hand, if the section confers no such right of action on the Smith-Webster Company to recover in its own right for such breach of the three contracts, but that in truth and in fact the real plaintiffs are the three individuals named, then these individual rights, each of which was less than the jurisdictional requirement, cannot be lumped together to create a case for federal jurisdiction. Treating the case, therefore, as the statement alleges, as a suit brought "for account of the several sellers," none of whose claims equal the jurisdictional requirement, we hold the case is not one for federal jurisdiction, and we are constrained to take the action noted in the beginning of this opinion.