## HUNT v. EVANS et al.

(Court of Appeals of District of Columbia. Submitted December 10, 1925. Decided January 4, 1926.)

No. 4271.

1. **Searches and seizures** ⬅═➤8—**Defendant's plea, in action against officers for damages for wrongful entry and search, held good as against demurrer.**

Plea in action against officers for wrongful search, alleging that defendants had warrant naming person other than plaintiff, and that plaintiff invited them to enter and satisfy themselves that no violation of law was being committed, *held* good as against plaintiff's demurrer.

2. **Searches and seizures** ⬅═➤8—**Officer not concerned with illegalities in warrant regularly issued and legal on its face.**

When search warrant issued by proper authority is legal in form, and on its face contains nothing to notify or fairly apprise officer that it is irregular, or issued without authority, officer is protected in making service, and not concerned with any illegalities that may exist.

Appeal from Supreme Court of District of Columbia.

Action by James A. Hunt against Linton Evans and others. Judgment on demurrer for defendants, and plaintiff appeals. Affirmed.

S. McC. Hawken and G. F. Havell, both of Washington, D. C., for appellant.

F. H. Stephens, W. H. Wahly, and J. A. O'Shea, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The plaintiff below, now the appellant, sued for damages, alleging that the defendants were officers of the law charged with the duty of policemen, and that on January 18, 1921, with force and violence they wrongfully entered and searched plaintiff's home, without any warrant or other legal process, and then and there arrested plaintiff, without any process of law or reasonable cause or excuse, but simply upon the explanation that plaintiff was suspected of the unlawful possession of intoxicating liquors in his residence.

The defendants filed their respective pleas, to which the plaintiff filed a general demurrer. This was overruled by the lower court, whereupon, the plaintiff electing to stand upon his demurrer, judgment was entered for the defendants. The plaintiff appealed. Accordingly the sole question before us is whether the lower court erred in overruling the plaintiff's demurrer.

[1] The pleas in question set out in substance that at the times in question two of the defendants below were duly authorized and acting federal prohibition agents and deputies of the federal Prohibition Commissioner, internal revenue officer of the United States for the District of Columbia, and that the other three defendants were police officers of the District; that on January 18, 1921, upon the sworn complaint of one of said agents that he had positive information that intoxicating liquor was being sold and stored at the premises of E. J. Dowling, 322 Seaton Place, N. E., Washington, D. C., as a fraud upon the United States, and in violation of the National Prohibition Act, a United States commissioner for the District of Columbia duly issued a search warrant, directed as authorized by law, setting forth said complaint, and commanding that said premises be entered and searched concerning said fraud; that upon the request of said deputies the defendant police officers were assigned to assist them in making the search; that at about 9 o'clock p. m., on said day, the defendants went to the described premises, knocked at the door, and when it was opened by the plaintiff inquired for E. J. Dowling, who was named in the affidavit and warrant as the occupant of the premises; that plaintiff then informed them that no such person resided there; that they then made their identity and business known to plaintiff, who declared himself to be a member of the police force, and "invited defendants to enter and satisfy themselves that no violation of law was being committed upon his (plaintiff's) premises, and that he would prefer that they do so, in order to clear him-

self and his premises of any suspicion of wrongdoing; and that thereupon, the door of said premises being open, defendants did enter the home of plaintiff, upon his invitation as aforesaid, and made a casual examination thereof," no liquor being found upon the premises; that plaintiff was not placed under arrest, nor in any manner restrained of his liberty. Copies of the affidavit and search warrant in question were incorporated in the pleas. We think these statements show a complete defense to the plaintiff's action, and justify the ruling of the lower court upon the demurrer.

[2] The search warrant which the defendants undertook to execute was "fair on its face." It proceeded from a magistrate having authority of law to issue such a warrant; it was legal in form, and on its face contained nothing to notify or fairly apprise the officers that it was irregular in any particular or was issued without authority. "When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it." 2 Cooley on Torts (3d Ed.) p. 883; Erskine, Collector, v. Hohnbach, 14 Wall. 613, 616, 20 L. Ed. 745; Haffin v. Mason, 15 Wall. 671, 675, 21 L. Ed. 196; Bryan v. Ker, 222 U. S. 112, 113, 29 S. Ct. 684, 53 L. Ed. 657; Kercheval v. Allen, 220 F. 262, 135 C. C. A. 1.

The appellant, however, refers to the fact that the search warrant describes the premises to be searched as "the premises of E. J. Dowling, 322 Seaton Place, N. E.," whereas, when the officers went to 322 Seaton Place, N. E., they were informed by the plaintiff that no person named E. J. Dowling lived there. It is argued by the appellant that, when the officers were told that no such person as Dowling lived at said premises, but that he (the appellant) lived there, "then whatever regularity the warrant may have had upon its face was destroyed, and the appellees then and there knew, assuming that they did not know before, that the warrant was not directed to the person who actually lived at said residence, and did not name or describe the person to be searched, as provided by section 3 of the act. * * * "

We think there are two answers to this contention: First, the premises which the officers undertook to search were in fact 322 Seaton Place, N. E., which were the premises aptly described in the search warrant. The officers were not bound, before executing the writ, to decide at their peril whether Dowling or Hunt was the owner or occupant of the premises; under the circumstances set out in the pleas, they were entitled to rely upon the writ. Furthermore, it is conceded by the demurrer to the pleas that the appellant, after informing the officers that the premises were his home, and not Dowling's, invited them to enter the house and satisfy themselves that there was no liquor there. It was not a trespass for the officers to act upon this invitation.

"*Voluntary Submission to Search and Seizure.*—The dwelling of every person while he is in the lawful possession thereof is his castle, and it ought not to be subjected to an uninvited search, except by a duly qualified officer, and then only in pursuance of a valid writ commanding it. * * * However, one who consents to have his property searched by an officer without a warrant has no right of action as for an illegal search. * * * Thus the consent of the owner's wife to search the property of her husband waives any claim that he might have against an officer making the search without a warrant, or any informalities in the complaint, writ or appointment of the supposed officer." 24 R. C. L. p. 723.

The judgment of the lower court is affirmed with costs.