[Civ. No. 6675. First Appellate District, Division One.—March 7, 1929.]

R. C. BENTINCK, Appellant, v. M. E. MENOTTI et al., Respondents.

Howard Harron for Appellant.

L. C. Pistolesi for Respondents.

NEEDHAM, J., *pro tem.*—This is a companion case to that of *Bentinck* v. *Menotti, ante,* p. 409 [275 Pac. 849]. The facts in the instant case are the same, except that this is a case in claim and delivery for the recovery of the same automobile, the defendant Menotti being sued in his individual capacity, and H. S. Bell is added as a defendant, Bell being the keeper and owner of the garage in which the automobile in question was stored while under attachment by Constable Menotti.

The evidence shows the automobile was placed in the garage of Bell by the constable on the twenty-sixth day of September, 1927; that on the twenty-fourth day of December, 1927, Menotti, as constable, received an order to release the attachment upon said automobile, and immediately notified the attorney of the appellant that he could have possession of the automobile upon the paying of the garage fees. Menotti notified Bell to deliver the automobile to either the appellant or his attorney upon payment of his fees for storing and keeping the automobile. The appellant refused to pay the storage fees, which amounted to twenty-five dollars, and brought the present action in claim and delivery in the superior court of the county of Marin, and the court held that the appellant could not recover, and gave judgment for the defendants, and plaintiff, Bentinck, has appealed.

In addition to the issues raised in the companion case there is here but one issue remaining to be determined, and that is: Was the appellant obliged to pay the garage fees before he could gain possession of his automobile? We think it is clear that the obligation to pay the garage fees rested upon the appellant; the automobile being lawfully in the possession of the respondents by virtue of the attachment and the placing of the same in the garage for safekeeping, the garage costs became a lien upon the automobile. (Civ. Code, secs. 3051, 3057.)

In regard to garage costs the case of *Newell* v. *McDonald,* 60 Cal. App. 202 [212 Pac. 389], states: "Where a sheriff was notified by plaintiff's attorney to release an attached automobile, and such officer thereupon directed the garage in which the car was stored to release it, and the garage refused to do so until the costs of storage were paid, the sheriff in ratifying and affirming the stand taken by the garage demanded nothing more than the statute authorized him to require."

See, also, the case of *Robinett* v. *Connolly,* 76 Cal. 56 [18 Pac. 130], and *Perrin* v. *McMann,* 97 Cal. 52 [31 Pac. 837].

These authorities sustain the position of the respondents. Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.