[Civ. No. 8234. First Appellate District, Division Two.—March 15, 1932.]

LEO M. DORNBERG et al., Respondents, v. THE FRANK MELINE COMPANY, INC. (a Corporation), Appellant.

Walter H. Hewicker and Louis E. Kearney for Appellant.

Harold Nuzum for Respondents.

TUTTLE, J., *pro tem.*—This is an action to recover a share of commissions from a real estate transaction. Judg-

ment in the sum of $5,812 was rendered for plaintiffs. The appeal is from the judgment.

One S. A. Kenoyer was the owner of a hotel in Oklahoma. He was the client of respondents, who were licensed real estate brokers. Appellant was also a licensed real estate broker, representing Joseph Schenck, who was the owner of California Building in Los Angeles. Respondents and appellant arranged a trade of these properties, and this trade was fully consummated. The trial court found that the parties orally agreed that each should charge his client the prevailing realty board commissions and that they would pool what commissions were received and split the same two ways; that the total realty board commissions in the transaction were $28,375, being composed of the following: $8,375 cash received by plaintiffs from Kenoyer, $5,000 in cash received by appellant from Schenck, and the equity in the Oklahoma property received by appellant at the admitted value of $15,000; that this equity was traded by appellant for Los Angeles property valued at $35,000; that plaintiffs were entitled to the difference between $14,187 and $8,375, or $5,812, the amount of the judgment.

■ It is contended that the evidence is insufficient to support the foregoing finding to the effect that such an agreement was made. An examination of the record discloses ample evidence to uphold this finding. For illustration, Mr. F. McArthur represented appellant in the transaction. Respondent Rogers testified that he had the following conversation with McArthur: "He said, 'now, if you have got the Kenoyer end of it, we will take the California end of it, and we will split Board commissions 50–50'. I says: 'What do you base the California Building? I base it $800,000,' and he says, 'you base your Miami property $300,000.00 which will make $1,100,000.00. You handle one end, and we will get the other, and we will go 50–50 on all expenses, and go 50–50 on the Board commissions'."

It is contended that the agreement only applied to commissions actually received and that appellant never received the $15,000 equity in the Oklahoma property. The record shows the admitted value of this equity to be $15,000, and there is ample evidence to support the following finding

made by the trial court: "The court finds that the defendants received as a commission upon said transaction the sum of Five Thousand Dollars ($5,000.00) in cash and as equity in the Kenoyer Hotel of the admitted value of Fifteen Thousand Dollars ($15,000.00)—That the defendant traded the equity in the Kenoyer Hotel property for property in Los Angeles of the value of Thirty-five Thousand Dollars ($35,000.00)." This finding is supported by appellant's exhibit "B", which is the only written evidence of the basis of the exchange in the record. The value of this equity is there fixed at $15,000.

The statute of frauds is invoked by appellant, it being contended that the contract between these parties was required under section 1624, subdivision 6, of the Civil Code, to be in writing. It is conceded by appellant that this provision does not apply to ordinary agreements between brokers for the division of commissions on the sale of real property, but it takes the position that this is a case where one broker employs another to effect a sale and agrees to pay, unconditionally, a stipulated sum (*Aldis v. Schleicher*, 9 Cal. App. 372 [99 Pac. 526]). The case last cited arose out of the employment by one real estate broker (who was acting as the agent of the owner) of another broker to sell the real property of his principal. There was no agreement to divide commissions between the parties. The court viewed the case in the same light as though the owner directly employed the broker to make the sale, and held that the contract must be in writing under the section of the Civil Code cited above. But where, as in the instant case, the parties agree to co-operate in making the sale and to divide the commissions arising therefrom, the statute of frauds is not applicable, and an oral contract is valid. (4 Cal. Jur. 611.)

It is next contended that the cause of action is barred by section 339, subdivision 1, of the Code of Civil Procedure. The original complaint was admittedly filed within two years from the time the cause of action accrued. It alleged that the parties had entered into a joint adventure of the trade for the properties, under the terms of which defendant agreed to divide commissions. Plaintiffs pray for an accounting and for judgment in the amount found due plaintiffs. Thereafter, and some three years

after the cause of action accrued, the court permitted plaintiffs to amend their complaint. It is contended that the amended complaint sets out an entirely new cause of action, and hence the action is barred. We are not in accord with this view. The amendments were in the nature of elaborations of facts set forth in the original complaint, hence the amended complaint related back to the commencement of the action (16 Cal. Jur. 551).

Other points raised by appellant have received our attention, but they are so obviously devoid of merit that no discussion of them is required.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 14, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1932.