**ALLEN v. CLARK, United States Marshal, et al.**

No. 8158Y.

District Court, S. D. California, Central Division.

March 29, 1938.

William C. Ring and Charles F. Christopher, both of Los Angeles, Cal., for plaintiff.

Irl D. Brett and Charles Richardson, Jr., both of Los Angeles, Cal., for defendant Robert E. Clark.

Jennings & Belcher, of Los Angeles, Cal., for defendant Hartford Accident & Indemnity Co.

Lawler & Degnan (by Jack W. Hardy), of Los Angeles, Cal., for defendants Radiodifusora Internacional and others.

Roger Arnebergh, of Los Angeles, Cal., in pro. per. and for defendants Pacific Escrow & Title Guarantee Co. and others.

YANKWICH, District Judge.

The action was instituted on February 3, 1938, by R. E. Allen, as receiver under appointment of the superior court of California, in a proceeding ancillary to an action there pending. By virtue of this receivership, the plaintiff claims the right to certain property attached by Robert E. Clark, United States marshal for the Southern District of California, and by him alleged to have been delivered to other defendants as a result of a conspiracy between them, and contrary to the instructions of the plaintiff as receiver.

The recovery of the personal property, or its value, $30,000, the value of its use, $2000, and $10,000 exemplary damages are sought.

The defendants have challenged the jurisdiction of the court and moved to dismiss the cause under the provisions of section 37, Judicial Code, 28 U.S.C.A. § 80.

It is not disputed that, irrespective of the status of the pleadings or the failure to raise the question of jurisdiction by demurrer, we have the power, under this section, to entertain, or even institute, an inquiry to determine whether a substantial controversy, properly within the jurisdiction of the court, exists. Bullard v. Cisco, 1933, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

Some of the defendants are residents of California, and others are nonresidents. True diversity of citizenship does not, therefore, exist. Salem Trust Co. v. Manufacturers' Finance Co., 1924, 264 U.S. 182, 183, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867. But the cause is one arising under the Constitution and laws of the United States, under subdivision 1(a), § 24 of the Judicial Code, 28 U.S.C.A. § 41 (1) (a). A cause is said to so arise when its correct determination depends upon the construction of the Constitution or laws of the United States, or when the right of a party may be sustained by one construction or defeated by another. Cohens v. Virginia, 1821, 6 Wheat. 264, 5 L.Ed. 257; Osborne v. Bank of United States, 1824, 9 Wheat. 738, 6 L.Ed. 204; Macon Grocery Co. v. Atlantic Coast Line Ry. Co., 1910, 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; Hull v. Burr, 1914, 234 U.S. 712, 34 S.Ct. 892, 58 L.Ed. 1557; Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

As said by Mr. Justice Cardozo, in Gully v. First National Bank, supra, 299 U.S. 109, at page 112, 57 S.Ct. 96, 97, 81 L.Ed. 70: "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L. Ed. 388; First National Bank v. Williams, 252 U.S. 504, 512, 40 S.Ct. 372, 374, 64 L. Ed. 690. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another."

A suit against a marshal of the United States, or against his bond, arising from service of process issued out of the United States court, is clearly within these principles. See Feibelman v. Packard, 1883, 109 U.S. 421, 3 S.Ct. 289, 27 L.Ed. 984; Bachrack v. Norton, 1889, 132 U.S. 337, 10 S.Ct. 106, 33 L.Ed. 377; Lammon v. Feusier, 1884, 111 U.S. 17, 4 S.Ct. 286, 28 L.Ed. 337; Bock v. Perkins, 1891, 139 U.S. 628, 11 S. Ct. 677, 35 L.Ed. 314; Ellis v. Norton, C.C., 1883, 16 F. 4; Houser v. Clayton, C.C. Tex.1878, 12 Fed.Cas. p. 600, No. 6,739. They have been extended to apply to acts of private persons in causing the marshal to make a wrongful levy. Hurst v. Cobb, C.C. Tex., 1894, 61 F. 1. Compare First National Bank v. Williams, 1920, 252 U.S. 504, 40 S.Ct. 372, 64 L.Ed. 690, where an action against the Comptroller of the Currency, which alleged unlawful practices, was sustained as arising under the laws of the United States. And see, Breard v. Lee, C.C. Cal., 1911, 192 F. 72; Gay v. Ruff, 1934, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099; 92 A.L.R. 970; Rogge v. Michael Del Balso, D.C.N.Y., 1936, 15 F.Supp. 499.

The fact that the process may have been invalid does not alter the situation. The case, as made by the pleadings, still involves a federal question. Cases such as Dowling Bros. v. Andrews, 7 Cir., 1927, 19 F.2d 961, are easily distinguishable. There the action was against the revenue officer, *as an individual,* and the refusal of the court to entertain jurisdiction was based upon that fact. Here the marshal is sued as such and the acts charged against him, while in violation of his duties, nonetheless, arise under the laws defining those duties.

The required jurisdictional amount is present. And the presence of a federal question supplies the second jurisdictional

requisite. De War v. Brooks, D.C.Nev., 1936, 16 F.Supp. 636.

This fact cures the absent diversity of citizenship. However, it does not determine the question raised by the motion.

■ For if, notwithstanding the presence in the complaint before us of formal allegations showing jurisdiction, the evidence presented on the inquiry initiated by this motion, should show absence of such jurisdiction, it would be the duty of the court to dismiss the action. McNutt v. General Motors Acceptance Corp., supra; K. V. O. S., Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Hartog v. Memory, 1886, 116 U.S. 588, 6 S.Ct. 521, 29 L.Ed. 725; Wetmore v. Rymer, 1898, 169 U.S. 115, 18 S.Ct. 293, 42 L.Ed. 682.

The action is brought against the marshal in his official capacity. His bondsmen have been joined. The other defendants are in court merely because of the marshal's acts, in which they are alleged to have participated. The tort, of which the plaintiff complains, arises from the release of property held by the marshal under an attachment in a prior action in this court. (We shall refer to it as "the prior action.")

If the writ from the execution of which the tort springs, was void on its face, because of the lack of jurisdiction in the court to issue it, the present action must fail.

Our right, upon a motion of this kind, to go back of the pleadings to other facts throwing light upon the jurisdiction of the court is unquestioned.

■ An examination of the records in this and the prior action shows that the attachment in the prior action was void on its face, was issued under a complaint which showed on its face absence of federal jurisdiction, which was not cured either by the general appearance of the defendants or by the amendment, after the levy, which added to the original complaint a second cause of action.

The original complaint was brought by one Lawrence W. Allen, against one individual and two corporate defendants, *all citizens of the Republic of Mexico,* who are also defendants here. It sought to recover the sum of $2,041 upon a common count for money had and received by the defendant to the use of the plaintiff's assignors. The complaint averred specifically that *the claim had been assigned to the plaintiff for collection.* The affidavit of attachment, which,

under the Conformity Act, 28 U.S.C.A. § 726, had to conform to the state law, Code Civ.Proc.Cal. § 538, as amended by St.Cal. 1937, p. 1554, was confined to this claim. So was the statement to the clerk, required under the Code of Civil Procedure of California, § 542, as amended by St.1937, p. 1617.

The writ was issued on September 3, 1937. Its preamble read:

"To the Marshal of the above entitled Court, Greetings:

"Whereas, *the above entitled action was commenced by Plaintiff in the above entitled Court to recover from the Defendants M. P. Barbachano, Border Electric and Telephone Company, a corporation, and Radiodifusora Internacional, S. A., a corporation, the sum of Two Thousand Forty-one Dollars ($2,041.00)* lawful money of the United States, and costs of suit; and an affidavit for, and undertaking on, attachment, have been filed as required by law."

The levy was made by the marshal on the same day. His return, dated November 9, 1937, showed that he attached certain electrical and radio station equipment at Los Angeles, Cal., by taking it into his custody and placing a keeper in charge. On October 5, 1937, at the request of the attorneys for the plaintiff and defendant, both of whom declined to make further deposit to protect the marshal's costs, he released the property and returned the writ not satisfied. The receiver was appointed by the superior court on September 18, 1937, and confirmed on October 4, 1937, in an action in which John A. Murphy was plaintiff and the defendants in the prior action, and others, were defendants. Murphy claimed an interest in the property levied by the marshal by virtue of a joint adventure existing between him and certain of the defendants.

On October 5, 1937, the receiver demanded of the marshal the release and delivery to him of the property under attachment. But, as appears from the affidavits, the property had already been released from attachment by the marshal.

Authorization to bring suit against the marshal was given by the superior court on October 10, 1937. In view of the discussion to follow, it is well to state that under the law of California, a receivership is an ancillary remedy. The rights of a receiver are those of a conservator of property. Code Civ.Proc.Cal. § 564, as amended by St.Cal.1933, p. 1867, § 85a, and §§ 565–570;

French Bank Case, 1879, 53 Cal. 495; Murray v. Superior Court, 1900, 129 Cal. 628, 62 P. 191; Bank of Woodland v. Heron, 1898, 120 Cal. 614, 52 P. 1006; Wheat v. Bank of California, 1897, 119 Cal. 4, 50 P. 842, 51 P. 47; Havemeyer v. Superior Court, 1890, 84 Cal. 327, 24 P. 121, 10 L.R.A. 627, 18 Am.St.Rep. 192; California Fruit Growers' Association v. Superior Court, 1908, 8 Cal.App. 711, 97 P. 769.

But to return to the proceedings in the prior action. On September 10, 1937, an amended complaint was filed. The first cause of action was carried over and a second cause of action added, upon a common count for services rendered by the same assignors, for which a recovery of their reasonable value, $5,000, was sought.

This claim was also alleged *to have been assigned to the plaintiff for collection only.*

No amendment of the affidavit for attachment or of the writ was sought, under the broad powers given to the courts in such cases. 28 U.S.C.A. §§ 767, 777.

To give the court jurisdiction, both diversity of citizenship and the jurisdictional minimum had to be present. 28 U.S.C.A. § 41 (1); K. V. O. S., Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Mansfield, C. & L. M. Ry. Co. v. Swan, 1884, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462. The federal courts do not recognize, under the Conformity Act, 28 U.S.C. A. § 726, state statutes giving the right to levy an attachment against nonresidents. Code Civ.Proc.Cal. § 537, subd. 3, as amended by St.Cal.1933, p. 582. No attachment will issue against a nonresident of a district over whom the court has no jurisdiction. However, the defect, in this respect, may be waived by a general appearance. Dobie on Federal Procedure, 1929, p. 646; 6 C.J., Attachments, § 132, p. 9495; 7 C.J.S., Attachments, § 95, p. 1265; Laborde v. Ubarri, 1909, 214 U.S. 173, 29 S.Ct. 552, 53 L.Ed. 955; Big. Vein Coal Co. v. Read, 1913, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053; Ex parte Des Moines & M. Ry. Co., 1880, 103 U.S. 794, 24 L.Ed. 461; United States v. Brooke, D.C.N.Y., 1910, 184 F. 341; In re Stark, D.C.N.Y., 1929, 36 F.2d 280; McMurray v. Chase National Bank, D.C.Wyo. 1935, 10 F.Supp. 960; Harland v. United Lines Tel. Co., C.C.Conn., 1889, 40 F. 308, 6 L.R.A. 252.

The defendants in the prior action, after first challenging the jurisdiction of the court, made general appearances.

Was the lack of jurisdiction to issue the attachment cured by the amendment and subsequent appearance of the defendant?

Several assigned claims below the jurisdictional amount may be joined when the assignment actually places the absolute ownership or vests the cause of action in the plaintiff. Crawford v. Neal, 1892, 144 U. S. 585, 12 S.Ct. 759, 36 L.Ed. 552; Brigham-Hopkins Co. v. Gross, C.C.Wash.1901, 107 F. 769; First State Bank v. Chicago, R. I. & P. R. Co., 8 Cir., 1933, 63 F.2d 585, 90 A. L.R. 544; Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxicab & Transfer Co., 1928, 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426; Bullard v. Cisco, 1933, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; Kentucky Wagon Mfg. Co. v. Jones & Hopkins Mfg. Co., 5 Cir., 1918, 248 F. 272, 273. However, where the assignment is merely for collection or is merely colorable for the purpose of satisfying the jurisdictional requirement, either as to person or amount, claims cannot be joined. So, if several claims are assigned for collection only to plaintiff, the amounts of the several claims cannot be added up to satisfy the jurisdictional minimum. And there has been no deviation from this principle in our entire judicial history. Lehigh Mining & Mfg. Co. v. Kelly, 1895, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444 (transfer of claim to lands by one corporation to another); Waite v. Santa Cruz, 1902, 184 U.S. 302, 22 S.Ct. 327, 46 L.Ed. 552 *(bonds and coupons below the jurisdictional amount assigned to one person);* Woodside v. Beckham, 1910, 216 U. S. 117, 30 S.Ct. 367, 54 L.Ed. 408 *(claims below jurisdictional amount assigned to plaintiff for collection only and added to plaintiff's demand);* Title Guaranty & Surety Co. v. Idaho, Title Guaranty & Trust Co. v. Allen, 1916, 240 U.S. 136, 36 S.Ct. 345, 60 L.Ed. 566 *(claims of depositors of a bank, suing through the state, not large enough, separately, to confer jurisdiction);* Miller & Lux, Inc. v. East Side Canal & Irrigation Co., 1908, 211 U.S. 293, 29 S.Ct. 111, 53 L.Ed. 189 *(corporation organized for the sole purpose of bringing federal suit);* Board of Com'rs of Lake County v. Dudley, 1899, 173 U.S. 243, 19 S.Ct. 398, 43 L.Ed. 684 *(coupons on bonds of governmental state corporations assigned to one person);* Central Paper Co. v. Southwick, 6 Cir., 1932, 56 F.2d 593 *(colorable assignment of claims for services rendered, damages, breach of contract, and the like);* Smith-Webster Co.

v. John, 3 Cir., 1919, 259 F. 549 *(claims of food brokers for breach under contract assigned to broker);* Mutual Adjustment Co. v. Pacific Telephone & Telegraph Co., D. C.Wash., 1923, 288 F. 198 *(claims assigned for collection).*[1]

If the plaintiff in the prior action had been the owner of the claims, the defect in jurisdiction appearing upon the face of the complaint and the writ could have been overcome by an amendment increasing the demand. The amendment would have related back to the original complaint and cured the jurisdictional defect, which robbed the attachment of foundation. 28 U.S.C.A. §§ 767, 777; Nevada Company v. Farnsworth, C. C.Utah, 1898, 89 F. 164; Bowden v. Burnham, 8 Cir., 1894, 59 F. 752. But as he brought the action as *an assignee for collection only,* he could do so only by adding a new count.

Grant that the appearances of the defendants waived the requirement of residence, the complaint, on which the attachment was issued, still failed, in its amended form, to show jurisdiction in the required minimum, so far as the attachment was concerned.

Mark that, *at no time,* was the process, —the affidavit and writ,—amended to state the demand in the larger amount. Nor was the levy under the writ repeated. Everything remained as it was. Grant that, had the plaintiff, instead of adding a new cause of action, merely increased his demand under the first cause, the attachment might have stood. Toland v. Sprague, 1838, 12 Pet. 300, 9 L.Ed. 1093; Tilton v. Cofield, 1876, 93 U.S. 163, 23 L.Ed. 858; Laborde v. Ubarri, 1909, 214 U.S. 173, 29 S.Ct. 552, 53 L.Ed. 955; Kinney v. Columbia Savings, etc., Ass'n, 1903, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103; Norton v. Larney, 1925, 266 U.S. 511, 45 S.Ct. 145, 69 L.Ed. 413. Yet there could be no waiver of the jurisdictional amount. For it went to the jurisdiction over the subject matter. 1 Cyc. of Federal Procedure, 1934, § 152; Gypsy Oil Co. v. Oklahoma Tax Commission, D.C.Okl., 1934, 6 F.Supp. 6, 8; Mitchell v. Maurer, 1934, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338; Planta v. H. M. Reich Co., 2 Cir., 1935, 77 F.2d 888. The second cause of action added nothing to the first. The amount asked in it could not be added to the first, so as to relate back to the date of filing of the original complaint and give us a complaint with the requisite jurisdictional minimum.

It is true that it exceeds the jurisdictional minimum. But the attachment was not issued as to it. When an amendment to a complaint or to a supplemental complaint introduces an entirely new and different cause of action, the complaint, *as to this cause of action, dates from the filing of the amendment.* This is the general rule. 1 C.J.S.Actions, 129, pp. 1403, 1404. It is also the rule in California. Dornberg v. Frank Meline Co., Inc., 1932, 121 Cal.App. 630, 9 P.2d 306; Ginsberg v. Faraone, 1932, 126 Cal.App. 337, 14 P.2d 777; Moore v. U. S. Fidelity & Guaranty Co., 1932, 122 Cal. App. 205, 9 P.2d 562; Valensin v. Valensin, 1887, 73 Cal. 106, 14 P. 397; Matteson v. Wagoner, 1905, 147 Cal. 739, 82 P. 436. Compare, Dougherty v. California Kettleman Oil Royalties, Inc., Cal.Sup., 1937, 69 P.2d 155. Federal courts recognize it everywhere. U. S. ex rel. Texas Portland Cement Co. v. McCord, 1914, 233 U.S. 157, 34 S.Ct. 550, 58 L.Ed. 893; Carter-Crume Co. v. Peurrung, 6 Cir., 1900, 99 F. 888; Baltimore & O. Railroad Co. v. McLaughlin, 6 Cir., 1896, 73 F. 519; Salyers et al. v. United States, 8 Cir., 1919, 257 F. 255, 259. The levy under the attachment having been made, the process issued to the marshal having been executed, no amendment to it having been made, and the process itself in its unchanged and original form, and the complaint upon which it was issued, on their face, showing lack of jurisdiction, all the acts under the writ were absolutely void.

---

[1] Many of the cases cited and others such as Bernard's Township v. Stebbins, 1883, 109 U.S. 341, 355, 3 S.Ct. 252, 27 L.Ed. 956, and Williams v. Nottawa Tp., 1881, 104 U.S. 209, 26 L.Ed. 719, dealing with assignments for collection, relate to assignments by different owners, none of whose claims are in the jurisdictional amount. It would seem that as the owner of several claims may join them for the purpose of the jurisdictional amount, such joinder might be permissible in the hands of a person to whom he transfers them for collection. This was the case here. However, it does not alter the situation, as the failure to change the cause of action on which the writ was issued and the failure to amend the process to cover the second cause of action still left the first count and the writ without a jurisdictional foundation.

And no action against the marshal, *in his official capacity,* arose from his alleged illegal surrender of the property to others or against those who aided him.

In executing writs available under the state law, the powers of the marshal are those of a California sheriff. 28 U.S.C.A. § 504. He must execute all lawful process, regular on its face. 28 U.S.C.A. § 503.

If the process is illegal, upon its face, or is issued without jurisdiction, the sheriff need not obey it. 57 C.J. 806; First National Bank v. McCoy, 1931, 112 Cal. App. 665–670, 297 P. 571, 573. Such a writ he executes at his own risk. It offers him no protection. Pankewicz v. Jess, 1915, 27 Cal.App. 340, 149 P. 997; Magnaud v. Traeger, 1924, 66 Cal.App. 526, 226 P. 990; Bryan v. Ker, 1914, 222 U.S. 107, 113, 32 S.Ct. 26, 56 L.Ed. 114; Miller v. Superior Court, 1923, 63 Cal.App. 1, 217 P. 817, 820. The protection which a process affords to the ministerial offices executing it depends upon two conditions: (1) Regularity on its face; and (2) jurisdiction of the court over the subject matter. If the contrary appear, the process is void and will not shield the officer executing it. As said by Mr. Justice Field in Erskine v. Hohnbach, 1871, 14 Wall. 613, 616, 20 L.Ed. 745: "Whatever may have been the conflict at one time, in the adjudged cases, as to the extent of protection afforded to ministerial officers acting in obedience to process, or orders issued to them by tribunals or officers invested by law with authority to pass upon and determine particular facts, and render judgment thereon, it is well settled now, *that if the officer or tribunal possess jurisdiction over the subject-matter upon which judgment is passed,* with power to issue an order or process for the enforcement of judgment, and the order or process issued thereon to the ministerial officer is regular on its face, showing no departure from the law, or *defect of jurisdiction over the person or property affected, then, and in* such cases, the order or process will give full and entire protection to the ministerial officer in its regular enforcement against any prosecution which the party aggrieved thereby may institute against him, although serious errors may have been committed by the officer or tribunal in reaching the conclusion or judgment upon which the order or process is issued."

And see Stutsman County v. Wallace, 1892, 142 U.S. 293, 309, 12 S.Ct. 227, 35 L. Ed. 1018; Moore Ice Cream Co. v. Rose, 1933, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; Hunt v. Evans, 1926, 56 App.D.C. 97, 10 F.2d 892; Kercheval v. Allen, 8. Cir., 1915, 220 F. 262, 267. The powers of the marshal were those of a state sheriff. Having made an illegal levy he had the right to release the property to the persons from whose possession he took it. They, alone, could complain of the illegal levy. Code Civ.Proc. § 542, subd. 5, as amended by St. Cal.1937, p. 1617. A receiver appointed by the state court, after the levy, was not entitled to dispute the marshal's possession or ask for the return of the property. The receivership did not invest him with possession automatically. See Bank of Woodland v. Heron, supra; Miller v. Superior Court, supra; Tibbets v. Cohn & Co., 1897, 116 Cal. 365, 367, 48 P. 372, 373. A receiver, under California law, is a mere conservator of very limited powers, holding the property as a representative of the court. His possession is that of the court. Miller v. Fidelity & Deposit Co., 1935, 3 Cal.App.2d 580, 40 P.2d 951; Seccomb v. Dionne, 1935, 3 Cal.App.2d 731, 40 P.2d 299; Highland Securities Co. v. Superior Court, 1932, 119 Cal.App. 107, 6 P.2d 116. He cannot compel others to surrender property to him. He cannot even sue for its possession unless especially authorized by the court. Here authority to sue was not granted until after the property had left the marshal's possession. The receiver could not acquire possessory rights to property held by an officer of the United States. Lion Bonding & Surety Co. v. Karatz, 1923, 262 U.S. 77, 89, 43 S.Ct. 480, 67 L.Ed. 871. The contention made here that a marshal may be held in conversion, at the behest of a receiver appointed by a state court, *while the property was in the marshal's custody,* because he released the property from attachment, *with the consent of the plaintiff and defendant in the action,* for failure to secure the marshal's fees, disregards the plain requirements of the law.

The law governing the rights of sheriffs applies to the marshal in this district, both under the Conformity Act, 28 U.S.C.A. § 726 and our local rule 57. An attaching officer, before levy, may demand a deposit of sufficient money to take and keep personal property for five days. From time to time, he may make further demands for deposits for five-day periods. If this money is not paid, he may release the property *"to the person or persons from whom the same was taken."* And "There shall be *no liability*

upon the part of the sheriff, constable or marshal to take or hold personal property unless the provisions of this section shall have been fully complied with." Code Civ. Proc. § 542, subd. 5, as amended by St.Cal. 1937, p. 1617. (Italics added.)

The California Civil Code gives the attaching officer a lien on the property. Civ. Code Cal., § 3057. In applying the section, courts have held that it justified the officer's or his agent's refusal to release the attachment unless the fees are paid. Perrin v. McMann, 1892, 97 Cal. 52, 31 P. 837; Robinett v. Connolly, 1888, 76 Cal. 56, 18 P. 130; Bentinck v. Menotti, 1929, 97 Cal.App. 412, 275 P. 850. If, as the court said, in Robinett v. Connolly, supra, the marshal *"may refuse to perform official work in advance unless his fees are paid,"* and if, as the Code says, after he has begun performance and further fees are not guaranteed, he *"may release the property to the person or persons from whom the same was taken,"* without incurring any liability, how can a receiver fasten liability on the marshal by demanding delivery to a person other than that named in the Code? The answer is apparent.

So that even if we assume that the demand came prior to the release, it was not effective for any purpose.

The marshal's return shows that he withdrew his keeper and released the property to the parties from whom he took it.

His action being legal, cannot be questioned by charging him with conspiracy, malice, and ill motives, even if the writ were valid.

But the writ was not valid. And the upshot of the whole matter is this: There being no legal writ, if, as claimed, the sheriff was guilty of any trespass in handling the property, it was not committed under color of office and, as it did not arise under a lawful writ, it was a personal trespass. Neither he, in his official capacity, nor his bondsmen, would be liable for it.

"And the rule is that a sheriff's sureties are not liable for the wrongful seizure or detention of property or money when not made by him *under process.* State ex rel. Blinebury v. Mann, 21 Wis. 684; Turner v. Collier, 4 Heisk., Tenn., 89; Governor v. Perrine, 23 Ala. 807; Schloss v. White, 16 Cal. 65, 66, and see Com. ex rel. Richardson v. Cole, 7 B.Mon., Ky., 250, 46 Am.Dec. 506, and notes." Best v. Johnson, 1899, 78 Cal. 217, 220; 20 P. 415, 417, 3 L.R.A. 168, 12 Am.St.Rep. 41. And see Schloss v. White, 1860, 16 Cal. 65; San Luis Obispo County v. Farnum, 1895, 108 Cal. 562, 563, 41 P. 445.

"Under process" means, of course, under *valid process.*

But the action here is against the marshal in his official capacity. Plaintiff concedes that the other defendants are joined merely because the marshal is a party.

What precedes shows that no liability exists against the marshal in his official capacity.

The action against all defendants must, therefore, fall for lack of jurisdiction to entertain it.

The motions to dismiss will be granted.

Exception to the plaintiff.