[Civ. No. 8999.   Second Appellate District, Division Two.—January 15, 1935.]

LOUIS MILLER, Appellant, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND (a Corporation), Respondent.

Wheeler & Wackerbarth and Henry O. Wackerbarth for Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Respondent.

WILLIS, J., *pro tem.*—A receiver was appointed in an action between partners and furnished bond in the sum of $10,000, executed by respondent, a commercial surety company. In course of administration the receiver accumulated $8,099.72 in cash, and deposited the same in a bank of his own choice, without authorization of court, in an account in his name as receiver and separate from any personal account. In a subsequent judgment in the action the court ordered the receiver to pay· a specified sum in his possession as receiver to appellant, a party to the action. Upon his failure so to do this action was commenced against the surety on the bond, respondent herein. After trial the court found that the receiver had come into possession of the sum of $8,099.72, cash, and, without authorization of the court, had deposited the same in a bank which subsequently failed and refused to repay the deposit; that the receiver was not negligent in his choice of such bank as a depositary, and that by reason of such failure of the bank and loss of the deposit the receiver was unable to obey the order of the court to pay such moneys to appellant. On the findings the court concluded that respondent was not liable, and judgment in its favor was accordingly entered, from which this appeal is taken.

■ Appellant's first point, that the evidence is not sufficient to sustain the finding of lack of negligence in the receiver's choice of a bank as depositary, is not well taken. We find ample evidence in the record to sustain such finding, and under familiar rule this court must accept the same as conclusive. This leaves for decision the question of correctness of the trial court's conclusion.

In respect to the question of liability on a receiver's bond for loss of funds deposited in a bank which afterwards fails, there are herein advanced two contrary rules. The one relied upon by respondent may be stated as follows: If the court and law is silent as to the keeping of receivership funds, the receiver must keep and deal with them as received, with that degree of care which is ordinarily exercised by reasonable and cautious men in transacting their own business of like importance; and, if the receiver, acting with such degree of care, deposits such funds in a bank of good standing and repute, he and his sureties are not. liable for loss due to subsequent failure of the bank. The other rule, relied upon by appellant, may be stated thus: When funds are in the hands of a receiver and he has no further duty in respect thereto except to preserve them, he cannot part with the custody thereof by depositing them in a bank, save at his own risk, without some order or authorization of the court so to do; and if he does deposit them in a bank of his own choice without such authorization, both he and his sureties are liable for loss due to a subsequent failure of the bank.

This case appears to be one of first impression in this state and we lack the guidance of precedent among our own decisions. In other jurisdictions the problem presented herein for solution has been met and decided, some adopting the rule invoked by appellant and others adopting that relied upon by respondent. We have examined all such decisions as have been brought to our attention by the briefs and by independent research, and conclude that the almost evenly-balanced conflict thereof renders both groups ineffective as persuasive authority or certain guide, and that our primary recourse, therefore, is to a study and consideration of the statutes of this state and the general rules pertinent and controlling in receivership matters, and of the terms and conditions of the bond in question.

Section 567 of the Code of Civil Procedure requires a receiver to give a bond in a sum fixed by the court or judge "to the effect that he will faithfully discharge the duties of receiver in the action and obey the orders of the court therein". Section 568 of the.same code provides that the receiver shall have power, among others, "to take and keep possession of the property . . . and generally to do such acts respecting the property as the court may authorize". Section 569 authorizes investment of the funds in the hands of the receiver upon order of court based on consent of all parties to the action. Sections 91 and 93 of the Bank Act (Deering's Gen. Laws, 1931, Act 652, vol. 1, p. 287) provide for deposit of moneys by a receiver with a trust company upon order of court after notice. Section 981 of the Political Code makes the provisions of sections 947 to 986, inclusive, of such code applicable to receivers. Upon examination thereof it appears patent that many of such provisions are quite inapplicable to receiver's bonds, but sections 959, 960 and 963 in effect declare the obligatory nature of official bonds upon the principal and sureties therein for breach of condition, and that such conditions must be expressed therein.

■ The condition of the bond here in question is expressed in conformity with the requirement of section 567, *supra*. It comprises two obligations: (1) faithful discharge of duty and (2) obedience to orders of court. The obligations in this bond do not amount to an absolute agreement to do the things required by the terms of the bond, but constitute a condition to do those things. Under the force of such condition, the obligor, in order to avoid the forfeiture of his obligation, is.not bound at all events to perform the condition but is excused from its performance when prevented by the law or by an overruling necessity. (*City of Healdsburg* v. *Mulligan,* 113 Cal. 205, 216 [45 Pac. 337].) ■ The obligation of faithful discharge of duty embraces the duty to take and keep possession of the receivership funds and property, and generally to do such acts respecting the property as the court may authorize. The clear import of the language of section 568, *supra,* creating this power and its correlative duty, is that the receiver shall take the property and keep it in his possession and control, and shall do no act respecting such property which

involves surrender of possession without an order of court. By such enactment the law has added to the common-law liability of the receiver, if he may be considered as a bailee of the receivership property, and furnishes the measure of his obligation. This construction is in harmony with the spirit of section 569 of the Code of Civil Procedure, relating to investment of receivership funds only on order of court, and of sections 91 and 93 of the Bank Act, relating to deposit of such funds with trust companies only on order of court. Such construction was also long ago reflected by the decision in *Adams* v. *Haskell*, 6 Cal. 114 [65 Am. Dec. 491], wherein the court said: "The receiver is the officer of the court, and the fund in his hands is in court, in the custody of the law, and can only be disposed of by order and direction of the court."

From the nature of a receiver's duties and his attitude and relation to the court as its representative and officer, he is held to a strict accountability for the faithful performance of the trust reposed in him. The court itself is obliged to keep a strict hand over the property in the hands of a receiver in order to preserve entire jurisdiction over the whole matter and to do what is just in the cause between the parties. Only by order of the court in the first instance does the receiver come into possession of the property and money of the receivership estate, and consequently it is property and money subject to the order of the court, and the receiver can only discharge himself by delivering or paying it in obedience to the direction and order of the court, unless excused by law or overruling necessity. Herein the receiver was ordered to pay over the funds in his possession to appellant. This order he failed to obey, and in this action upon the bond, based on this breach of its conditions, the excuse and defense interposed by the surety and recognized as sufficient and sustained by the trial court consist in a showing that the receiver in the exercise of diligence and without negligence deposited the funds in question in a bank of then good repute, but which later failed, resulting in loss of the deposit and the consequent inability of the receiver to secure its return and obey the order of court to pay the same to appellant. The deposit of such money by a receiver in a bank operates to surrender possession of the money, and if done without authorization of

the court constitutes a distinct breach of his duty to "take and keep possession". ■ If as a result of such breach the money is lost, and such loss renders the receiver incapable of obedience to the order of the court to pay it to the one adjudged entitled thereto, the breach of duty is complete regardless of the care and good faith of the receiver in his choice of bank depositary, and the obligation of the surety on the receiver's bond to make good the loss, within the limits of the bond, becomes absolute. For in such case the inability of the receiver to perform his bounden duty is not due to law nor overruling necessity, as recognized in the case of *City of Healdsburg* v. *Mulligan, supra,* but rather to the receiver's own voluntary act in depositing the money in a bank without an order of the court. By the deposit in bank the title to the money passed to the bank, and the transaction was nothing more nor less than a loan, with a special provision implied that repayment shall be made as demanded by the checks of the depositor. (*People* v. *Wilson,* 117 Cal. 242 [49 Pac. 135].) Loan of receivership funds may only be made in accordance with the provisions of section 569 of the Code of Civil Procedure and of sections 91 and 93 of the Bank Act, above referred to.

■ Before concluding this decision it should be noted that the rules announced in various decisions of this and other states to govern and measure the obligation of sureties on bonds of public officers and guardians and administrators are not applicable to the extent of determining liability on a receiver's bond, as the bases of such obligations are quite different under the law creating them from that underlying a receiver's bond. The latter is in a class apart and singular. The receiver is the agent and representative of the court. His possession of receivership assets is the possession of the court. That possession may not be parted with by the receiver without authorization of the court. The law is not silent; it has spoken on the subject of keeping receivership funds; and the rule above stated and relied upon by respondent, allowing a receiver to deal with receivership funds with that degree of care ordinarily exercised by cautious men in transacting their own business, is therefore not applicable. A receiver's bond is conditioned on his faithful discharge of duties and obedience to order of court. Herein clearly there was an inexcusable failure

of the receiver to obey the order of court, for which the surety must be held liable.

As the facts herein are without substantial dispute and a new trial is not required in the interests of justice, the judgment herein should be reversed and the cause remanded with directions to the lower court to enter judgment in favor of plaintiff and against defendant for the sum of $8,099.72, with interest thereon at the rate of seven per cent per annum from March 3, 1933, and it is so ordered.

Stephens, P. J., and Crail, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1935.

Preston, J., and Thompson, J., voted for a hearing.