[Civ. No. 16353.    Second Dist., Div. Two.    May 13, 1948.]

Guardianship of PATRICIA ANN STALLINGS, a Minor.

Lester E. Hardy for Appellant.

No appearance for Respondent.

WILSON, J.—This appeal is from a judgment entered after a hearing of an account current rendered by the guardian whereby the court disapproved portions of the account. After a hearing on the account first filed the court

ordered an audit to be made, following which the guardian filed a supplemental and consolidated seventh account current with schedules attached. After several hearings at which the guardian testified in an attempt to explain the account and his attorney made statements in a like effort, the court rendered its findings of fact, one of which read as follows: "That by reason of the incomplete, inadequate and garbled condition of all of the accounts which have been filed in this estate, including the document denominated Supplemental and Consolidated Seventh Account Current, filed herein May 20, 1947, it is impossible to arrive at an exact determination of the status of this estate. That it is to the best interest of the ward herein that some approximation of the condition of this estate be reached in order to furnish a basis for future accounts."

The court found that the guardian had occupied premises belonging to the ward for a period of 20 months and that the rental value of the property was $20 per month, for which a charge was made against the guardian of $400; that at a later period the guardian occupied other premises belonging to the ward for a period of 19 months for which he was charged rent at the rate of $75 per month, or a total of $1,425. The court disallowed claims made by the guardian against the estate amounting to a total of $1,369.58 as being unauthorized and not for the benefit of the estate. Appellant contends that the court was without power to make any of the foregoing charges against him.

The court charged the guardian with the total sum of $29,553.33 while appellant contends that the amount should be $26,358.75.

The guardian's various accounts were examined by the court commissioner and by the judge of the probate department himself in an attempt to ascertain the proper charges against and credits in favor of the guardian. The court declared that the account was so indefinite and uncertain that an audit was required. At the direction of the court the accounts were audited and the supplemental account was filed. It is apparent from a reading of the transcript that the latter account furnished but little more information than the former. After hearing the evidence the court stated that "there are no proceeds of any of the encumbrances which were authorized by this court which are reflected in the account which will in the slightest give me or anyone else that I know of the ability to sit down with this file and de-

termine what sums were received on what particular loans, and what particular properties are encumbered to bring the particular sums.'' The court further stated that it appeared that loans were authorized on different properties for different amounts and the account shows no relationship between the amounts authorized and the amounts received and expended; that rental collected from January, 1939, to June, 1940, is shown in the account for 1938. The court referred to the facts: that a long list of alleged expenditures showed merely the names of the persons to whom the payments were made without showing the purpose or the necessity of the expenditures; that property purchased in Oregon for $3,000 was set out in the account as $5,000 with no explanation of the discrepancy in the amounts; that in payment of loans principal and interest were not segregated and that the guardian had failed to charge himself with moneys which were borrowed; that properties were not appraised until such times as sales were to be made; that furniture was set up as an asset of the estate but had not appeared until the court discovered items of furniture at a previous hearing; that the furniture had never been appraised and the court was unable to ascertain where it was located; that one item of attorney's fees, which was requested in connection with the sale of property, had been approved by another judge but although the direction for payment of the amount had been stricken from the order, subsequently that sum of $100 appeared as an item for which the guardian took credit.

The foregoing are only a portion of the criticisms made of the guardian's account current after the audit had been made. None of the censures of the court was refuted by the evidence of the guardian or by the attempted explanations of his attorney. The record sustains the finding above quoted that the guardian's accounts were incomplete, inadequate and garbled and that the condition of the estate could be arrived at only by approximation.

The ward was and is without counsel. She resides in Oregon with her mother. It is within the inherent power of the government through its courts to protect persons *non sui juris*. The court is the special protector of wards who are without legal assistance. In making its independent examination in this proceeding the court was performing a plain duty. It is manifest from an examination of the record that if the court had failed to perform this duty the ward would

have been charged with large sums of money for the payment of which her estate is not liable.

Appellant contends that since his previous accounts had been approved by the court and the time for making objections thereto had expired the court was without power to reexamine them. The settling of a guardian's account does not come within the rule of res judicata. The court is not precluded from an examination of former accounts rendered by a guardian of a minor's estate or from correcting, revising or modifying a prior account as to any item of expenditure previously settled, allowed or approved, or from disallowing an item entirely and withholding its approval or settlement of such item. (*Guardianship of Di Carlo*, 3 Cal.2d 225, 228 [44 P.2d 562, 99 A.L.R. 990] ; *Guardianship of Vucinich*, 3 Cal 2d.235, 240 [44 P.2d 567] ; *Guardianship of Cardwell*, 55 Cal. 137, 142.)

The order charging the guardian with rent for premises belonging to the ward was not error. The property was occupied by him without a previous order authorizing him to do so, and since he had the benefit of the occupancy he is chargeable with the reasonable rental value. We find no fault with the finding and judgment disallowing items which the guardian claims to have advanced from his own funds.

Complaint is made that the court refused to allow the expense of auditing the account which the court ordered when it found the first account to be unintelligible. The estate is not large; the items of receipts and expenses are not complicated and an audit would not have been required if the guardian's books had been properly kept and his accounts had been filed in an adequate form. It does not appear that the services of an auditor were required or necessary until the court attempted without success to unravel the account. Since the guardian's carelessness or neglect in keeping his books and in rendering his accounts made an audit necessary the cost should not be charged to the minor.

Some of the items which were disallowed might possibly have been authorized by the court if application therefor had been made preceding the expenditure. An order authorizing expenditures for reasonable amounts and for justifiable purposes would have protected the guardian. Since he did not procure the orders he must be responsible for those the court has disallowed. He is in the position of any other fiduciary who acts without the previous authorization of the court

—his obligations are not chargeable to the estate of the beneficiary. (See *Miller* v. *Fidelity & Dep. Co.*, 3 Cal.App.2d 580, 583 [40 P.2d 951]; *Riedy* v. *Bidwell*, 70 Cal.App. 552, 556 [233 P. 995]; *Sterrett* v. *Barker*, 119 Cal. 492, 494 [51 P. 695].)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 28, 1948, and appellant's petition for a hearing by the Supreme Court was denied July 8, 1948.