44 Wn. App. 795 (1986)
723 P.2d 1161
In the Matter of the Guardianship of ROSE M. HALLAUER.
MARTHA MERLE DUNN, ET AL, Appellants,
v.
RAINIER NATIONAL BANK, Respondent.
No. 13755-7-I.
The Court of Appeals of Washington, Division One.
August 6, 1986.
*796 Geoffrey Groshong, Erickson & Groshong, David O. Hamlin, and Hamlin & Nelson, for appellants.
Mary A. Vance and Vance & Salazar, for respondent.
GROSSE, J.
The principal issue in this appeal is the propriety of the trial court's award of $19,107.95 in attorney's fees in a guardianship accounting. No aspect of the accounting itself is challenged.
Martha Merle Dunn and Western Surety Company appeal a judgment of $32,481, over half of which was for attorney's fees. Dunn was appointed guardian of the estate of Rose M. Hallauer in 1973. On the petition of Hallauer's daughter, Mary Hallauer, she was removed October 31, 1980, by an order which also appointed Rainier National Bank successor guardian of the estate. The change in guardians was initiated because the daughter heard complaints from creditors that Dunn was not paying her mother's bills. The accounting focused on the failure to file federal income tax returns, the failure to raise rent on a parking lot owned by the estate, and the failure to pay bills on time. Rainier also initially included a claim of $10,000 for mental distress to the incompetent caused by the failure to pay the bills in a timely fashion. This was dismissed early in the proceedings. Dunn denied all the charges except for admitting that she did not pay bills on time.
After a 4-day trial the court found that Dunn's failures resulted in a net loss to the guardianship of $12,897.28. The court awarded attorney's fees substantially in the amount requested. It disallowed only $547. The court included in the award the sum of $1,000 for work done by Rainier's trust department personnel as a "bill that was necessary to bring the action ..." The court also awarded $765 for premiums paid by Rainier to maintain Dunn's surety bonds.
Dunn's principal complaint is that the court fixed the *797 award of attorney's fees simply on the basis of time spent multiplied by an hourly rate. She contends the court erred in refusing to consider such factors as the benefit to the estate achieved by the litigation, the fact that Dunn prevailed on a majority of the claims asserted by Rainier, and the other factors listed in the Code of Professional Responsibility, Disciplinary Rule 2-106(A) and (B).[1] Dunn contends that under the governing statute, RCW 11.76.070 and cases construing it, e.g., In re Estate of Hamilton, 73 Wn.2d 865, 441 P.2d 768 (1968), Rainier is only entitled to fees for those activities which have benefited the estate, and further contends that the fees must be reasonable, i.e., directly related to obtaining the benefit, proportionate to the result achieved, and not duplicative.
Although governed by statute, guardianships are equitable creations of the courts and it is the court that retains ultimate responsibility for protecting the ward's person and estate. An action for an accounting is the means by which the conduct of the current or prior guardian is examined for any improprieties or errors, and has the ultimate goal of making the estate whole in the event there has been any loss. See RCW 11.92.056 which provides for taking judgment against the guardian and its surety upon a finding of loss to the estate. RCW 11.76.070 permits the court to make a discretionary grant of attorney's fees to the person *798 bringing the accounting action where the personal representative being charged was found liable. The statute leaves complete discretion in the hands of the judge before whom the action is tried.[2]
The trial court was aware that the purpose underlying an award of fees pursuant to RCW 11.76.070 is to make the guardianship whole. On reconsideration the court stated:
[S]econdly, and probably more importantly, I think the estate is entitled to be awarded attorney's fees in this amount because these attorney's fees are going to have to be paid and they would come from the estate.
I don't think the estate should be responsible for them, the estate not having predicated the problem that existed.
Thus, the trial court's reasoning on fees seems to have been that fees were proper since they were for "work actually performed," and should be paid by the appellant in order to insure that the estate would be made whole by the proceeding.
[1] We agree with the trial court's second premise: The nature of the guardianship and the accounting process requires that the estate be made whole, including an award of attorney's fees. However, we do not agree with the first premise that the estate would necessarily have to pay the amount requested if not awarded by the court. See In re Ivarsson, 60 Wn.2d 733, 744, 375 P.2d 509 (1962) (the time required is only one factor in determining the reasonable value of attorney's services chargeable to and to be paid by the estate). Regardless of whether the source of funds to pay the fees is the estate or an errant fiduciary, a substantive analysis must be undertaken which culminates in an explicit finding that the requested fees are reasonable in *799 the circumstances before the court. There was no such finding here, explicit or implicit.
In addition, cases which construe RCW 11.76.070 limit the trial court's discretion. A court may award attorney's fees only for litigation which results in a material benefit to the estate. Hamilton, at 869 (affirming trial court's grant of a portion of fees requested); In re Estate of Larson, 103 Wn.2d 517, 533-34, 694 P.2d 1051 (1985) (directing the trial court on remand to award fees to objectors who brought the accounting action and to tie the award of fees under RCW 11.76.070 to the benefit received by the estate). Hamilton and Larson involved an accounting by the administrator of a will but interpreted the statute at issue here. The Hamilton court stated:
The respondents' counsel is entitled only to compensation for those services which benefited the estate to the extent that the final account was disapproved.
Hamilton, at 869.
Thus, the first step in calculating attorney's fees in an accounting is to determine what actions materially benefited the estate. The fact that the recovery may be less than that pleaded does not necessarily indicate lack of success, particularly where alternative claims are set forth. In the context of a guardianship accounting proceeding, at the minimum success must mean that the estate recovers some money or property which would otherwise have been lost. Fees for dismissed claims or guardianship administrative matters are thus not recoverable as part of the accounting, and were correctly excluded by the trial court in this matter.
[2] Once the relevant claims or issues have been determined and fees requested for them alone, the court must determine whether the fees for those claims are reasonable. The court in Larson stated that in determining the reasonableness of attorney's fees the trial court should consider the factors enumerated in CPR DR 2-106(B) (now contained in RPC 1.5(a)) and the overall benefit to the estate. Larson, at 533-34. More recently the Supreme Court unanimously *800 stated that these factors should be used as "guidelines ... in establishing the reasonableness of a fee." See McNeary v. American Cyanamid Co., 105 Wn.2d 136, 143, 712 P.2d 845 (1986).
We reject appellants' suggestion that the fees awarded must be reduced in proportion to the amount the damages sought were reduced in the final award; or that the proportion of fees awarded correspond to the proportion of time spent on given issues at trial. Each of these factors may properly be taken into consideration by the trial court as to whether the time spent was excessive. Excessive hours may properly be reduced either by compensating fewer hours than were requested, or by reducing the requested hourly rate, depending on the trial court's assessment of other facts and circumstances.
In short, the determination of what fees are reasonable involves more than simply multiplying the number of hours spent on a given case times a specific rate. An attorney must use judgment and discretion in rendering a bill. This includes recognizing the limits of one's own capacity and one's own inefficiencies. There is no reason or excuse for charging a client, particularly a guardianship estate under the protection and supervision of the court, for one's own inefficiencies. An award of fees is not simply payment for "work actually performed". A substantive analysis must also be made; first, by the attorney to determine what fees to charge; and second, by the court to determine what to award. Included in that analysis is the necessity of the given work that is charged. See Larson, at 523-24, 530-32.[3]
What needs to be evaluated by the court then is (1) which claims benefited the estate; (2) what work was necessary to pursue those claims; (3) the reasonableness of the *801 hours billed to perform the needed work; and (4) the propriety of the hourly rate. We have difficulty in this relatively simple case in not finding the fees charged by Rainier excessive, regardless of the hourly rate, particularly when measured against those requested in other cases seen by this court. On remand, the trial court should disallow fees for duplicative service, possibly including the attendance of second counsel at trial, for work not related to the specific issues which actually benefited the estate, and for fees in excess of the amount necessary to present the issues upon which Rainier prevailed. Where there is doubt as to whether the fees sought include work unrelated to the accounting, they should not be included in the award. This pertains both to fees related to the dismissed emotional distress claim, and to fees requested by the former attorney which included general guardianship administrative matters. Matters properly related to the estate's administration should be obtained from the estate; matters not related to administration, and not chargeable in the accounting, should not be allowed as proper charges to the estate, should they be sought from that source.
[3] The trial court included in its award of fees the sum of $1,000 for work done by Rainier's trust department in examining and preparing income tax returns for investigation and for trial. Dunn is correct that there is no provision for an award of such expenses under RCW 11.76.070, since they are not attorney's fees, or under RCW 4.84, as costs. These expenses may not be awarded as attorney's fees in an accounting proceeding. However, to the extent these fees were necessary to the successful litigation, they should be considered damages and charged against the former guardian on that basis. The record supports such a finding, and we therefore affirm those costs in the form of damages in order to keep the estate whole.
Western contends the trial court improperly entered judgment against it in an amount which exceeded the cumulative penalty amounts of its bonds. Rainier concedes the trial court's entry of judgment beyond the $30,000 value *802 of the bonds was error under In re Davision, 31 Wn. App. 480, 642 P.2d 1259 (1982).
Finally, Dunn contends the trial court improperly allowed the costs of a deposition used in trial. The cost of depositions which are used only for impeachment purposes at trial is not properly taxable. Structurals Northwest, Ltd. v. Fifth & Park Place, Inc., 33 Wn. App. 710, 719, 658 P.2d 679 (1983). The cost of depositions may be imposed where they are actually used in trial for purposes other than impeachment. West Hill Citizens for Controlled Dev. Density v. King Cy. Coun., 29 Wn. App. 168, 174, 627 P.2d 1002 (1981). The record shows that the deposition in question was used to introduce specific evidentiary information on the rate of rent increase for the parking lot at issue when the witness could not remember what he had testified to at the deposition. Its cost was properly allowed.
Rainier requested its fees for this appeal. However, Rainier has prevailed on only the deposition and trust department fee issues. Fees on appeal are appropriate only as to these issues, and that amount shall be determined by the trial court on remand.
The case is remanded to the trial court to determine which services actually benefited the estate and to determine what are reasonable fees for those beneficial services under the guidelines set forth above.
RINGOLD, A.C.J., and HOLMAN, J. Pro Tem., concur.
NOTES
[1] These factors are identical to the factors listed under the current Rules of Professional Conduct for determining whether or not a lawyer's fee is reasonable. These factors are as follows:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
RPC 1.5(a)(1)-(8).
[2] The relevant portion of RCW 11.76.070 states:

"[T]he court before which said proceeding is pending may, in its discretion, in addition to statutory costs, enter judgment for reasonable attorney's fees in favor of the person or persons instituting said proceedings and against said personal representative, and in the event that the surety or sureties upon the bond of said personal representative be made a party to said proceeding, then jointly against said surety and said personal representative, ..."
[3] See also Hensley v. Eckerhart, 461 U.S. 424, 434-37, 447-51, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983) (Stevens, J., concurring in part), discussing the calculation of "reasonable" attorney's fees in civil rights cases, which includes a substantive analysis of the number of hours claimed, consideration of the overall results achieved, and the necessity of a specific finding that the fees awarded were reasonable.