In the Matter of the ESTATE of Edward Jr. KERNS, an incompetent person, Appellee,

v.

WESTERN SURETY COMPANY, Appellant.

No. 72975.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 16, 1990.

Rehearing Denied Dec. 3, 1990.

D. Fred Doak, Oklahoma City, for appellee.

John B. Hayes and Robert L. Magrini, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellant.

REIF, Judge.

This appeal was brought after a surcharge and an assessment of attorney fees were made by the trial court against guardians for negligent defalcation and breach of fiduciary duty to ward's estate. The initial action stemmed from the trial court's intervention and appointment sua sponte of counsel to protect the ward. The surcharge and attorney fee award were entered on March 9, 1989, following stipulation by the parties that the guardians were guilty of negligent defalcation and breach of fiduciary duty. Surety for the guardians timely objected to its liability on the bond for the attorney fee on grounds that there was neither statutory authority nor a contractual basis for such an award. The court-appointed attorney for the ward argued that recovery of attorney fees from guardians and their sureties in cases such as this is implied and encompassed in the purpose of requiring statutory bonds; that is, to make the ward whole in the event of waste or misappropriation by guardians.

This guardianship was created on December 17, 1987, and is governed by the Oklahoma Guardianship Act, 30 O.S.Supp. 1989 §§ 1–101 through 5–101. Guardianships in existence on December 1, 1988, the effective date of the Act, are expressly required to comply with the Act. 30 O.S. Supp.1989 § 1–104(A)(1). With regard to attorney fees, the Act provides that "[a]n attorney ... for a ward ... is entitled to reasonable compensation to be paid from and as a charge against the estate of the ward." 30 O.S.Supp.1989 § 4–403(A)(1). The estate is liable for compensation of counsel's representation, unless the court determines that it would substantially impede or impair the ward's essential requirements and financial resources. 30 O.S. Supp.1989 § 4–403(B)(1). Moreover, in cases where the court finds that these exceptions are applicable, "any attorney or guardian ad litem appointed by the court who is entitled to compensation shall be compensated from the court fund of the court having jurisdiction." 30 O.S.Supp. 1989 § 4–403(B)(2)(a). However, the Act does not otherwise limit the court's exercise of its inherent equitable power to appoint counsel to protect the ward.

Although governed by statute, guardianships are equitable creations of the courts and it is the court that retains ultimate responsibility for protecting the ward's person and estate. See In re Guardianship of Hallauer, 44 Wash.App. 795, 796, 723 P.2d 1161, 1164 (1986). Where a guardian's carelessness or neglect call for the court's intervention and special services are necessary to protect a ward who is without legal assistance "the cost should not be charged to [the ward]." In re Stallings' Guardianship, 85 Cal.App.2d 443, 447, 193 P.2d 114, 116 (1948). A court may exercise its equitable power to surcharge a guardian for attorney fees incurred to recover losses to the ward's estate that were occasioned by the guardian's bad faith, fraud, deliberate dishonesty, or extreme mismanagement, notwithstanding the absence of statutory authority to award attorney fees. In re Guardianship of P.A.H., 115 Wis.2d 670, 340 N.W.2d 577 (Wis.Ct.App.1983). An analogous situation is found in the appointment of an attorney/guardian ad litem for a minor. In Hoffman v. Morgan, 206 Okla. 567, 569, 245 P.2d 67, 70 (1952), the supreme court stated:

The right of the court to award a reasonable fee to the guardian ad litem is implied from the right and duty to appoint, and from the necessity of insuring the ward adequate legal protection, and the fee may be properly taxed as costs, for it

is an expenditure necessary to the performance of the judicial function.

 In cases where defalcations of the guardians prompt the court to intervene and sua sponte appoint counsel to protect a ward, the ward may properly recover attorney fees from the guardians and the surety. While bad faith, fraud, deliberate dishonesty or extreme mismanagement on the part of the guardians can furnish an equitable basis to award attorney fees to a ward for his court-appointed counsel, we cannot agree that those are the only grounds that would support an award of attorney fees against guardians. Here, circumstances reflect not only gross indifference of the guardians towards their ward, but in their accountability to the court as well, and thus serve as an equitable basis for an attorney fee award. Significantly, the attorney who represented the guardians from the inception of the guardianship through the first efforts to account was granted leave to withdraw on grounds that the guardians "have failed to follow instructions as to the proper handling of their duties."

 We hold that section 4–403 governs compensation of attorneys to be paid from and as a charge against the estate of the ward, *except* in cases where guardians cause detriment to their ward because of bad faith, fraud, deliberate dishonesty, extreme mismanagement, gross indifference towards the ward or the court, or any other carelessness or neglect calling for special or extended oversight by the court to protect the ward. In those cases the court may, in the exercise of its equitable power, surcharge attorney fees against the guardians for court-appointed counsel.

Having determined that the guardians in the instant case displayed gross indifference towards their ward and the court, the award of attorney fees is affirmed.

BRIGHTMIRE, C.J., and MEANS, J., concur.