1998 OK CIV APP 99

**In re in the Matter of the GUARD-IANSHIP OF Matthew RAM-SEY, a minor child,**

**TRUST COMPANY OF OKLAHOMA, guardians of the property, Appellant,**

v.

**Merle K. RAMSEY and Diane Ramsey, guardians of the person, Appellees.**

**No. 90147.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 5, 1998.

Jan Marie Cunningham, Muskogee, for Appellant.

Slaton J. Anthony, Muskogee, for Appellees.

*OPINION*

GARRETT, Judge:

¶1   Matthew Ramsey (Ward) was incapacitated due to injuries received at birth. Ward received a monetary settlement due to the injuries.   In 1989, a guardianship was created and his parents, Merle K. Ramsey and Diane Ramsey (collectively, Ramseys) were appointed guardians of the person and guardians of the property.   Ramseys filed reports for the years 1989 through 1992, but failed to file reports for the years 1993 through 1996.   In October, 1996, a Jan Marie Cunningham was appointed guardian ad litem.   In December, 1996 Ramseys filed a report on the property of the guardianship for the years 1993 through 1996.   The guard-

---

2.   "All cases" would mean 100%.

ian ad litem objected, alleging the funds were not properly accounted for. Ramseys filed a supplemental report on the property of the guardianship for the years 1993 through 1996. The guardian ad litem objected again. In May 1997, after hearing, the court found the Ramseys were unable to make a full and complete accounting of the guardianship property for the years 1993 through 1996 and surcharged the Ramseys as guardians $63,-705.00. Ramseys were removed as guardians of the property and Trust Company of Oklahoma (Trust Co.) was appointed the new guardian of the property.[1]

¶2 Subsequently, the attorneys that had represented the Ramseys filed an application for attorney fees in the amount of $10,157.50 for legal services rendered to them as former guardians of the property. Trust Co. objected to the request for attorney fees and alleged: there was no statutory basis for such an attorney fees award; the fee was excessive; since the former guardians of the property had been surcharged they were not entitled to attorney fees. A hearing was held on the question of attorney fees. The court determined the fees were reasonable and were for legal work done for the Ramseys as former guardians for the property and therefore, the fees were to be paid out of the Ward's estate. This appeal follows.

¶3 The standard of review is whether the court abused its discretion in allowing such a fee. See, *Arnold v. Headley*, 1957 OK 109, 311 P.2d 239. In 30 O.S.1991 § 4-401 the statute provides:

> A. Every guardian must be allowed the amount of his reasonable expenses in the execution of his trust, and he must also have such compensation for his services as the court in which his accounts are settled deems just and reasonable.

> B. To the extent that the services of a guardian or limited guardian of the property are for the collection of income of the ward, compensation for such services shall not exceed seven and one-half percent (7½ %) of the income so collected. For the purposes of this section, "income" means funds received by and accounted for by the guardian or limited guardian on behalf of the ward, other than from the sale of property of the ward, plus the net proceeds from the sale of property of the ward in excess of the value of such property as last determined in the guardianship proceeding.

> C. All compensation and reimbursements pursuant to this section shall be approved by the court prior to payment.

Ramseys argue Trust Co. failed to argue the issue as to whether the services for which the attorney fees were requested were of benefit to Ward's estate at the trial court level. However, a review of the record shows Trust Co. did so in its objection to the approval for attorney fees. This issue will not be further considered.

¶4 Attorneys fees are allowed under certain conditions. 30 O.S.1991 § 4-403(A) provides:

> A. 1. An attorney, other than a public defender, for a ward or a subject of a proceeding pursuant to this act or whose services are obtained by a guardian on behalf of a ward is entitled to reasonable compensation to be paid from and as a charge against the estate of the ward. (Footnote omitted.)

In *In re Talomase's Estate*, 1924 OK ——, 225 P. 156 the court held that where a guardian asks for credit for attorney's fees out of the estate of his ward, it is incumbent on the guardian to show that employment of the attorney was necessary for the protection of his ward's estate, the services rendered were beneficial to the estate, and the amount is reasonable. Our question is: Was the legal work for which attorney fees were allowed from the estate done for the ward or to benefit the estate? We must answer in the negative. The record shows the legal work was done in pursuance of Ramseys' attempt to account for the ward's estate and to retain their appointment as guardians of the property.[2]

---

1. The appointment of Trust Co. as guardians of the property and the removal of Ramseys as the same has not been appealed and has been allowed to become final.

2. There is also evidence in the record that the attorneys for Ramseys actually billed a bank seeking to establish an account for the ward's property, however, at the final hearing, the court

¶5 While, at the beginning of the representation by the attorneys, there was an attempt to obtain a report that accounted for all funds, no such report was forthcoming. The failure to provide a statutorily sufficient accounting caused the Ramseys to be surcharged, and ultimately to be removed from their position as guardians of the property. In *Talomase's Estate,* the court said that if a guardian seeks compensation from the estate of the ward, it is incumbent upon the guardian to show honest management of the estate and an honest effort to make a true report of the ward's estate. See: *Estate of Kerns v. Western Sur. Co.,* 1990 OK CIV APP 88, 802 P.2d 1298. The record discloses that the Ramseys are not entitled to have their attorney's fees paid from the ward's estate. As the Court said in *Talomase's Estate:*

> The ward is made to pay handsome fees to her guardian's attorneys to fight to prevent her, if possible, from having a just settlement with the individual whom the court intrusted with the management of her affairs. It has cost her her balance in

the hands of her guardian to establish the falsity of a final report made by her guardian. . . .

\* \* \* \*

It is perfectly proper and right that a guardian should have just compensation for his services where the estate of the ward is sufficient out of which he may be compensated, and where the conduct of the guardian in handling the ward's estate has been honest and upright, *and the estate has been properly accounted for.* (Emphasis added).

¶6 REVERSED.

JOPLIN, P.J., and CARL B. JONES, V.C.J., concur.

---

admonished the attorneys not to include the time spent in pursuance of business for the bank.