OSCN Found Document:IN THE MATTER OF THE GUARDIANSHIP OF RICHARDSON

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE GUARDIANSHIP OF RICHARDSON
2016 OK CIV APP 58
Case Number: 113284
Decided: 08/12/2016
Mandate Issued: 09/27/2016
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2016 OK CIV APP 58, __ P.3d __

 

IN THE MATTER OF THE GUARDIANSHIP OF CALVIN RICHARDSON, an incapacitated adult.

VIVIAN RICHARDSON, Appellant,
v.
CHARLES RICHARDSON and CYNTHIA WYRICK, Appellees.

APPEAL FROM THE DISTRICT COURT OF DELAWARE COUNTY, OKLAHOMA

HONORABLE BARRY V. DENNEY, TRIAL JUDGE

REVERSED AND REMANDED WITH INSTRUCTIONS

Georgia R. Manley, Grove, Oklahoma, for Ward
Thomas J. McGeady, Donna L. Smith, LOGAN & LOWRY, LLP, Vinita, Oklahoma, for Petitioner/Appellant
Kathy Lungren Baker, Grove, Oklahoma, for Defendants/Appellees

JOHN F. FISCHER, JUDGE:

¶1 Vivian Richardson appeals the district court's denial of her motion for attorney fees in this guardianship proceeding. In the district court, Vivian successfully obtained the removal of Cynthia Wyrick as the guardian of their father Calvin Richardson. The district court found no authorization in the guardianship statutes to grant Vivian's motion. We reverse. The district court in guardianship proceedings possesses general equity jurisdiction, not limited by the guardianship statutes, that encompasses the power to grant the relief Vivian requested. This case is remanded for a determination of Vivian's motion consistent with this Opinion.

BACKGROUND

¶2 This attorney fee proceeding resulted from Vivian's successful effort to remove Cynthia as the guardian of their father and his estate. Vivian and Cynthia are sisters, and Charles Richardson is their brother. The facts regarding the original action are set forth in our Opinion in Case No. 112,094. Mandate issued in that case on January 5, 2016.[1] In that appeal, we held that "Charles essentially abdicated his role as Calvin's co-trustee and attorney-in-fact to Cynthia and that Cynthia was incapable of performing her duties as Calvin's guardian." We affirmed the district court's order removing Cynthia as Calvin's guardian and removing Charles as trustee and attorney-in-fact. Those issues have been resolved and cannot be revisited. Panama Processes, S.A. v. Cities Serv. Co., 1990 OK 66, n.27, 796 P.2d 276 (the settled-law-of-the-case doctrine bars relitigation of issues that have been settled by a previous appellate opinion in the same case).

¶3 While the prior appeal was pending, Vivian filed a motion for attorney fees, requesting that Cynthia and Charles be required to pay the attorney fees she incurred in prosecuting her request to terminate Cynthia's and Charles's control over their father's estate. The district court denied Vivian's motion, finding "no statutory provision allowing [an] award of attorney fees to Vivian Richardson." The district court cited authority authorizing the surcharge of guardians for attorney fees due to court-appointed counsel, but found "no authority supporting the proposition that the Court can award attorney fees to a party who is neither the ward nor the guardian." Vivian appeals that order.

STANDARD OF REVIEW

¶4 Because Oklahoma follows the American Rule, a prevailing party is not entitled to an attorney fee award unless authorized by contract, statute or some particular circumstance of the case. City Nat'l Bank & Trust Co. v. Owens, 1977 OK 86, 565 P.2d 4. This rule is "firmly established." Barnes v. Okla. Farm Bur. Mut. Ins. Co., 2000 OK 55, ¶ 46, 11 P.3d 162. Whether a party is entitled to an attorney fee is a question of law, reviewed de novo. Boston Ave. Mgmt., Inc. v. Associated Res., Inc., 2007 OK 5, ¶ 10, 152 P.3d 880. De novo review requires a non-deferential, plenary and independent review of the district court's legal rulings. Fulsom v. Fulsom, 2003 OK 96, ¶ 2, 81 P.3d 652.

ANALYSIS

¶5 The issue in this appeal has not been previously decided. Does the district court have authority to order a guardian to pay the attorney fees of a third party who successfully prosecutes an action benefitting the ward or the ward's estate? We hold that it does.

¶6 We begin with the district court's statutory authority. "In a guardianship proceeding the procedure for payment of compensation to attorneys . . . is provided by a statute, 30 O.S.[2011] § 4-403." In re Guardianship of Stanfield, 2012 OK 8, ¶ 9, 276 P.3d 989 (emphasis in original). Section 4-403 authorizes the district court to approve payment of attorney fees only from the ward's estate or the court fund, and then only when the attorney is employed by the guardian on behalf of the ward or appointed by the district court to represent the ward. We agree with the district court that authority to order a guardian to pay a third party's attorney fees cannot be found in section 4-403. However, the authority to award attorney fees in guardianship proceedings is not limited to section 4-403.

¶7 Other sections of the Oklahoma Guardianship and Conservatorship Act, 30 O.S.2011 §§ 1-101 to 4-904, provide additional statutory authority for the district court regarding its administration of guardianship proceedings, control of guardians and the power to order compensation of third parties whose efforts benefit the ward's estate. Section 1-114(A) provides that in "all cases the court making the appointment of a guardian has exclusive jurisdiction to control such guardian in the management and disposition of the person and property of the ward." Section 1-114(B)(8) provides that in addition to the powers specifically conferred by the Guardianship Act, the district court has the authority to "make such orders as may be necessary for the exercise of said powers." Section 1-111(28), which defines "surcharge," recognizes the district court's authority to impose personal liability on a guardian for "willful or negligent misconduct in the administration of the estate or other financial resources of a ward." A surcharge may include attorney fees incurred during the guardianship proceeding. In re Estate of Talomase, 1924 OK 375, 225 P. 156 (guardian required to pay attorney fees incurred contesting the legal rights of ward). And, a surcharge may be imposed in addition to any damages awarded in a civil action against a "guardian who willfully violates the duties or willfully misuses the powers assigned by the court and thereby causes injury to the ward or damages to the financial resources of the ward . . . ." 30 O.S.2011 § 4-901(A).

¶8 Further, section 4-761 provides that the district court may award costs to the prevailing party in a proceeding to challenge a guardian's proposed sale of real property. Those costs are not limited to court costs and could be awarded in favor of a third party who successfully prevented a guardian from attempting to sell the ward's property. The district court may also order reimbursement paid to a third party who, "at the request of the ward, supplies a ward with such suitable and necessary maintenance, support or education which is shown to have been done after refusal or neglect of the guardian to supply the same, the court may direct the guardian to pay therefor out of the estate of the ward . . . ." 30 O.S.2011 § 4-706.

¶9 Other than section 4-403, the most direct statutory authority for compensating third parties is found in section 4-308 authorizing "any person interested in the welfare of the ward" to, among other things, file an application as Vivian did in this case seeking removal of a guardian. At the hearing on that application the district court "may make any other order which the court deems to be in the best interests of the ward or the estate of the ward." 30 O.S.2011 § 4-308(E).

¶10 Although none of those statutes specifically authorizes the district court to order a guardian to pay the attorney fees of a third party, we need not determine whether that authority is fairly encompassed in the general import of the Guardianship Act. As this Court has previously recognized: "Although governed by statute, guardianships are equitable creations of the courts and it is the court that retains ultimate responsibility for protecting the ward's person and estate." Estate of Kerns v. Western Sur. Co., 1990 OK CIV APP 88, ¶ 3, 802 P.2d 1298 (affirming surcharge against guardian for fees due attorney appointed by the court to represent ward). Unlike Kerns, this case does not involve fees due an attorney appointed by the district court. Nonetheless, we agree with the Court in Kerns. The district court in guardianship proceedings exercises equitable as well as statutory jurisdiction. And that equity jurisdiction "does not rely upon specific statutory authority." In re Guardianship of Stanfield, 2012 OK 8, ¶ 18, 276 P.3d 989 (emphasis in original) (citing Merritt v. Merritt, 2003 OK 68, ¶ 13, 73 P.3d 878).

¶11 Concerning the scope of the district court's equity powers, we find instructive decisions involving the district court's general equitable powers in the administration of the Oklahoma Probate Code. See, e.g., In re Estate of Estes, 1999 OK 59, 983 P.2d 438. Two principles from Estes are relevant here. First, the Court recognized that one not generally entitled to recover attorney fees may do so when the services were rendered for the benefit of the estate and required because the personal representative of the estate refused to turn over property belonging to the estate. Second, the Court recognized that the personal representative could be required to pay those fees through a surcharge of her inheritance from the estate. See also, In re Estate of Davis, 2009 OK CIV APP 9, ¶ 7, 217 P.3d 133 (noting that the "district court sitting in probate may, at its discretion, surcharge a personal representative's inheritance for attorney fees incurred by beneficiaries seeking the removal of a personal representative," and citing cases supporting that proposition). We see no difference between the scope of the district court's equitable powers in probate matters and the scope of those powers in guardianship proceedings. The district court "is vested with a constitutional 'unlimited original jurisdiction,' [and] possesses equitable powers such as those used in chancery courts . . . ." Guardianship of Stanfield, 2012 OK 8, ¶ 19 (quoting Okla. Const. art. 7, § 7(a)).

¶12 Finally, there is a constitutional dimension to the district court's authority over attorney fees in guardianship proceedings. As discussed by the Stanfield Court, prior to the effective date of the current Judicial Department Article, the former section 13 of article 7 authorized the county courts in guardianship proceedings to "transact all business appertaining to the estates" of wards. Okla. Const. art. 7, § 13 (repealed by State Question No. 448, Legis. Referendum No. 164, adopted at election held July 11, 1967). In that authority, the Stanfield Court found equitable, non-statutory jurisdiction to authorize the employment of an attorney for a ward pursuant to a contingent fee contract. Although that constitutional provision was replaced with the adoption of the current Judicial Department Article, "all provisions of law and rules of court in force on the effective date of this Article shall continue in effect until superseded in a manner authorized by law." Okla. Const. art. 7, § 12. We find no law superseding the district court's authority to "transact all business appertaining to the estates" of wards.

CONCLUSION

¶13 District courts in guardianship proceedings possess general equity jurisdiction in addition to their specific statutory authority. That jurisdiction includes the power to reimburse a third party who employs an attorney to protect the estate or interests of a ward. Where the employment is required by the neglect, incompetence or misconduct of a guardian, the district court also has the power to order the guardian to personally pay for the cost of the attorney. The order denying Vivian Richardson's motion for attorney fees is reversed, and this case is remanded for consideration of that motion consistent with this Opinion.

¶14 REVERSED AND REMANDED WITH INSTRUCTIONS.

GOODMAN, C.J., and WISEMAN, P.J., concur.

FOOTNOTES

[1] Subsequent to our Opinion in Case No. 112,094, Vivian filed a Request for Judicial Notice of Appellate Decision in Related Matter calling our attention to that Opinion. That Request requires no action.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1990 OK CIV APP 88, 802 P.2d 1298, 62 OBJ 246, Estate of Kerns v. Western Sur. Co.
Discussed
 2009 OK CIV APP 9, 217 P.3d 133, IN THE MATTER OF THE ESTATE OF DAVIS
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 66, 796 P.2d 276, 61 OBJ 1934, Panama Processes, S.A. v. Cities Service Co.
Discussed
 2003 OK 68, 73 P.3d 878, MERRITT v. MERRITT
Discussed
 2003 OK 96, 81 P.3d 652, FULSOM v. FULSOM
Discussed
 2007 OK 5, 152 P.3d 880, BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.
Discussed
 1924 OK 375, 225 P. 156, 98 Okla. 212, In re ESTATE OF TALOMASE
Discussed
 2012 OK 8, 276 P.3d 989, IN THE MATTER OF THE GUARDIANSHIP OF STANFIELD
Discussed at Length
 1977 OK 86, 565 P.2d 4, CITY NAT. BANK & TRUST CO. v. OWENS
Discussed
 1999 OK 59, 983 P.2d 438, 70 OBJ 1960, In the Matter of the Estate of Estes
Discussed
 2000 OK 55, 11 P.3d 162, 71 OBJ 3219, BARNES v. OKLAHOMA FARM BUREAU MUTUAL INS. CO.
Discussed
Title 30. Guardian and Ward
 Cite
Name
Level

 30 O.S. 1-101, Short Title
Cited
 30 O.S. 4-308, Applications to Court for Relief - Contents for Application - Notice and Hearing - Order - Appointment of Counsel - Joinder - Evaluation of Ward - Hearing Without Notice.
Cited
 30 O.S. 4-403, Attorney Fees
Cited
 30 O.S. 4-706, Credit in Settlement for Maintenance and Support of Ward - Payment by Third Person
Cited
 30 O.S. 4-901, Civil Liability of Guardians or Petitioners - Damages - Willful or Malicious Filing of False Petition or Application
Cited